**Richard S. Pope v. Town of Windsor, William Buchanan, and Gertrude McGuire**

[438 A.2d 388]

No. 243-80

Present: Barney, C.J., Billings, Hill and Peck, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

Motion for Reargument Denied November 23, 1981

*Richard S. Pope,* pro se, Fairfield, Connecticut, Plaintiff.

Law Offices of *Davis, Rounds & Mayhew, P.C.,* Windsor, for Defendant.

**Per Curiam.** The plaintiff appeals an order of the trial court permitting the defendants to demolish a building owned

by the plaintiff because it is dangerous to public health and safety. The Town of Windsor first notified the plaintiff on August 26, 1975, that a building he owned was in a dangerous condition in violation of a town building ordinance. On November 13, 1975, the plaintiff instituted an action against the Town for a declaratory judgment. The action sought a determination of the validity of the building ordinance as well as a determination of its applicability to him.

After many hearings and as a result of a stipulation dated January 15, 1976, the trial court decreed on April 29, 1977, that the plaintiff's building either be renovated or repaired within thirty days or the Town could demolish the building. On appeal to this Court, *Pope* v. *Town of Windsor*, 136 Vt. 633, 392 A.2d 958 (1978), the appeal was dismissed as improperly taken because the judgment was not a final order; it provided alternative forms of relief and was conditioned in part upon the occurrence of a contingency. V.R.A.P. 4; *O'Neil* v. *Buchanan*, 135 Vt. 636, 377 A.2d 1326 (1977). On December 12, 1978, as a result of another stipulation by the parties, the trial court decreed that the Town demolish the building unless by March 12, 1979, the plaintiff had entered into a contract for rehabilitation of the building and had deposited certain monies in escrow to be applied to the cost of the reconstruction. During March, April and May, 1980, seven hearings were held to determine if the plaintiff was in compliance with the December 12, 1978, order. During this time the demolition order was stayed. On April 28, 1980, the trial court ordered the plaintiff to have a signed contract for reconstruction repair on file by May 19, 1980, and that work was to commence on or before June 1, 1980. No final plans or executed contract was ever entered into evidence, nor was any work commenced, and on June 16, 1980, the trial court vacated the 1978 stay order and granted the Town the authority to demolish the building. From this order plaintiff appeals.

The plaintiff prosecuted this case pro se and as near as can be determined from plaintiff's brief, written without benefit of counsel, he attempts to raise four claims of error. First, plaintiff claims that there was insufficient evidence to issue the June 16, 1980, order. The record clearly shows that despite the various orders commencing in 1978 no final ex-

ecuted contract for the work was introduced into evidence. It also appears in the record that the plaintiff admitted in open court that the plans were never finalized. No error appears.

■ Second, plaintiff claims that the trial court's order in April, 1980, was impossible to perform by June 1, 1980, as the court directed. Plaintiff gains nothing by this allegation. The original order on December 12, 1978, was to be performed in ninety days. The trial court has bent over backward for the plaintiff and he has had, in effect, approximately two years and two months to comply. Moreover, the original action was commenced five and one-half years ago and the defendants' rights should now be recognized. No error appears.

■ ■ Third, plaintiff alleges that the trial court's order results in economic waste. Plaintiff raises this issue for the first time on appeal, and issues not raised below are waived. *Kalakowski* v. *John A. Russell Corp.*, 137 Vt. 219, 226, 401 A.2d 906, 911 (1979). Were it properly raised, however, it still has no merit. The Town is proceeding pursuant to its police power, 24 V.S.A. § 2291(13), (14), and the land on which the dangerous building is situated is still the property of the plaintiff and is not subject to condemnation. *Micalite Sign Corp.* v. *State Highway Department*, 126 Vt. 498, 501, 236 A.2d 680, 683 (1967); *Sowma* v. *Parker*, 112 Vt. 241, 250, 22 A.2d 513, 517 (1941). Therefore, the plaintiff is not entitled to compensation.

■ ■ Finally, plaintiff alleges error because the defendants' attorney, in reply to a question propounded by the trial court, asserted at the May 17, 1980, hearing that plaintiff had failed to comply with the earlier order. Plaintiff alleges that this statement amounted to testimony and he was precluded from cross-examining the attorney. Again plaintiff failed to raise this point below so it is not available on appeal. *Kalakowski* v. *John A. Russell Corp.*, *supra*, 137 Vt. at 226, 401 A.2d at 911. Nevertheless, on the record here the transcript also discloses that all matters to which the attorney made open court assertions were testified to orally by the plaintiff at the hearing so that at best this was harmless error. V.R.C.P. 61

*Affirmed.*