MAY, C.J.
The defendant appeals a restitution order entered after the defendant pled guilty to dealing in stolen property and giving false verification of ownership to a secondhand dealer. He argues the court erred in *1059 entering restitution in the amount of $17,812 because that amount was based on inadmissible hearsay and did not reflect the fair market value. We reverse.
At the restitution hearing, the victim testified that she purchased the stolen sterling silverware set in 1948. After the set was stolen, the victim’s son visited pawnshops in the area looking for the silverware. One of the pawnshops had in fact purchased the set from the defendant for $500. The son tried to redeem the silverware set, but the pawnshop had already melted it down.
The son then contacted International Sterling Silver Company, which identified the sterling silverware set as a collector’s item. The company indicated it would cost $17,812 to replace the set. The defense objected to the hearsay testimony, which was overruled. The defense also objected to using replacement value to determine the amount of restitution. The trial court ordered restitution in the amount of $17,812. From this order, the defendant appeals.
The defendant argues the trial court abused its discretion in admitting the hearsay testimony, and in determining restitution by using replacement value rather than the fair market value. The State responds that it proved restitution by appropriate evidence.
We review the trial court’s restitution order for an abuse of discretion. Bennett v. State, 944 So.2d 524, 525 (Fla. 4th DCA 2006).
The burden of proving the amount of restitution is on the State, and the amount must be proved by a preponderance of the evidence. Restitution must be proved by substantial competent evidence. Such evidence must be established through more than mere speculation; it must be based on competent evidence. A victim’s testimony, without documentation, is not enough to support an award of restitution.
Id. (internal citations omitted).
The trial court ordered restitution in the amount of the replacement value testified to by the victim’s son. This testimony was insufficient for two reasons. First, it was based on hearsay. “Hearsay evidence may not be used to determine the amount of restitution when there is a proper objection by the defense to the hearsay evidence.” T.J.N. v. State, 977 So.2d 770, 773 (Fla. 2d DCA 2008). The victim’s son merely recited his conversation with the manufacturer.
Second, the son’s testimony did not establish the fair market value of the sterling silverware by a preponderance of the evidence. Rather, the testimony only established replacement value. “ ‘[A]bsent circumstances tending to show that fair market value does not adequately compensate the victim or otherwise serve the purpose of restitution,’ fair market value should be used.” Thompson v. State, 68 So.3d 425, 427 (Fla. 4th DCA 2011) (quoting Domaceti v. State, 616 So.2d 1148, 1149) (Fla. 4th DCA 1993). The trial court identified no special circumstances to justify using a value other than fair market. The victim did not know how much she had paid for the silverware set. And the manufacturer could only advise the victim’s son of how much a modern version of the set would cost to replace the set that was stolen.
We therefore reverse and remand the case for a new restitution hearing. “On remand, written estimates may suffice, so long as they satisfy the requirements of business records under section 90.803(6), Florida Statutes (2005), or are uncontest *1060 ed.” I.M. v. State, 958 So.2d 1014, 1016 (Fla. 1st DCA 2007).

Reversed and Remanded.

GERBER and LEVINE, JJ., concur.