PEOPLE v MATZKE

Docket No. 312889. Submitted November 7, 2013, at Lansing. Decided
    November 19, 2013, at 9:10 a.m. Leave to appeal sought.

    Dennis L. Matzke was convicted by a jury in the Saginaw Circuit
    Court of larceny of property with a value of $1,000 or more but less
    than $20,000. The trial court, Robert L. Kaczmarek, J., sentenced
    defendant to two years' probation and ordered him to pay $4,580
    in restitution. Defendant appealed, alleging that the trial court
    erroneously considered hearsay evidence during the hearing to
    determine the amount of restitution.

        The Court of Appeals *held*:

        1. The Michigan Rules of Evidence apply to all proceedings
    except certain miscellaneous proceedings, including sentencing.
    The restitution hearing was exclusively conducted for purposes of
    sentencing. Hearsay evidence may be properly considered at a
    restitution hearing. The Court of Appeals has never held that a
    trial court can consider only evidence admissible under the Michi-
    gan Rules of Evidence when determining the proper amount of
    restitution as part of a defendant's sentence. The evidence sup-
    ported the trial court's order of restitution.

        Affirmed.

CRIMINAL LAW — EVIDENCE — HEARSAY EVIDENCE — RESTITUTION HEARINGS.

    The Michigan Rules of Evidence apply to all proceedings except
    certain miscellaneous proceedings, including sentencing; hearsay
    evidence may be properly considered at a hearing exclusively
    conducted for purposes of sentencing, such as an evidentiary
    hearing conducted to determine the appropriate amount of resti-
    tution as part of a defendant's sentence (MRE 1101(b)(3)).

*Bill Schuette*, Attorney General, *John J. Bursch*,
Solicitor General, *John A. McColgan*, Prosecuting At-
torney, and *Eric J. Hinojosa*, Assistant Prosecuting
Attorney, for the people.

*Outside Legal Counsel PLC* (by *Philip L. Ellison*) for defendant.

Before: METER, P.J., and SERVITTO and RIORDAN, JJ.

RIORDAN, J. Defendant appeals as of right his conviction following a jury trial of larceny of property with a value of $1,000 or more but less than $20,000, MCL 750.356(3)(a). Defendant was sentenced to two years' probation and ordered to pay $4,580 in restitution. We affirm.

### I. FACTUAL BACKGROUND

The victim owned a gas-oil separator (the separator) as part of his oil well business. The separator was located near a road on property to which the victim owned the mineral rights and where he stored equipment relating to his business. Defendant rented a house on adjoining property also near the road.

On December 13, 2010, the victim was driving near the property when he noticed that defendant was driving away in a truck and attempting to transport the separator from the property on a trailer pulled by the truck. The victim got out of his truck and tried to stop defendant, but defendant continued driving. While calling 911, the victim followed defendant's truck and, after about three miles, defendant eventually pulled over.

The victim asked defendant to return the separator and defendant complied and drove it back to the property. In order for the separator to be removed from the trailer, defendant wrapped one end of a chain around a tree and then connected the other end to the separator. But, because of the great weight of the separator, the tree buckled and broke when defendant moved the trailer away from the tree. Defendant then sought out another, larger tree and again tied a chain to the

separator and wrapped the other end around the larger tree. This allowed the separator to be pulled off the trailer. Eventually, the police arrived at the scene and arrested defendant.

Defendant testified at trial that pursuant to an agreement with his landlord, he agreed to fix up the house he rented and clean the outside area. He claimed that he did not know the exact boundary lines of the property and assumed that the separator was on the property his landlord owned. He also testified that the property was in poor condition and that he thought the separator was junk, so he was taking it to the scrap yard when he encountered the victim.

The victim testified that the separator worked before the crime, but that after defendant's actions, it was "tore up" and bent. The victim's grandson, who arrived at the property shortly after the victim discovered defendant driving away with the separator, testified that there were no holes in the separator and that it was unbent before defendant's actions.

The jury found defendant guilty of larceny of property worth $1,000 or more but less than $20,000, MCL 750.356(3)(a). The trial court sentenced defendant to two years' probation and ordered restitution. At the hearing regarding restitution, defendant's probation officer testified that the victim submitted an estimate from a company indicating that it would cost $4,580 to repair the separator. Thus, the trial court ordered $4,580 in restitution. Defendant now appeals the order and the amount of restitution ordered.

## II. RESTITUTION

### A. STANDARD OF REVIEW

Interpretation of the rules of evidence is a question of

law we review de novo. *People v Benton*, 294 Mich App 191, 195; 817 NW2d 599 (2011). As this Court recognized in *People v Allen*, 295 Mich App 277, 281; 813 NW2d 806 (2012) (citations omitted):

> A trial court does not have discretion to order a convicted defendant to pay restitution; it must order the defendant to pay restitution and the amount must fully compensate the defendant's victims. Whether and to what extent a loss must be compensated is a matter of statutory interpretation; and this Court reviews de novo the proper interpretation of statutes. However, this Court reviews the findings underlying a trial court's restitution order for clear error. MCR 2.613(C). A finding is clearly erroneous if this Court is left with the definite and firm conviction that a mistake has been made.

### B. ANALYSIS

Defendant first contends that the trial court erred by considering hearsay evidence at the restitution hearing. He argues that the Michigan Rules of Evidence apply to restitution hearings and thus the trial court erred by allowing hearsay evidence in making its determination.

Pursuant to MRE 1101(b)(3), the Michigan Rules of Evidence apply to all proceedings except certain miscellaneous proceedings, including "sentencing." Here, the evidentiary hearing was conducted to determine the appropriate amount of restitution as part of defendant's sentence. Having nothing to do with defendant's guilt or innocence, this hearing was exclusively conducted for purposes of sentencing. See MCL 780.766(2) ("when *sentencing* a defendant convicted of a crime, the court shall order" restitution when appropriate) (emphasis added).[1] Thus, because under the plain language of

---

[1] Defendant incorrectly characterizes a sentencing hearing as merely a perfunctory proceeding where the trial court enters a judgment, suppos-

MRE 1101 hearsay evidence may be properly considered at a restitution hearing, defendant's argument fails.[2]

Defendant also contends that the trial court erred in regard to the amount of restitution ordered. "Crime victims have a constitutional right to restitution." *People v Gubachy*, 272 Mich App 706, 708; 728 NW2d 891 (2006), citing Const 1963, art 1, § 24. Section 16(2) of the Crime Victim's Rights Act, MCL 780.766(2) provides, in relevant part:

> [W]hen sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other

---

edly unlike a restitution hearing where a trial court considers evidence. However, a trial court may consider evidence not admitted at trial during sentencing hearings, especially when scoring various offense variables. Further, as defendant acknowledges, the Michigan Supreme Court has held that a trial court may order restitution without a hearing and rely on out-of-court statements such as the presentence information report or letters. See *People v Grant*, 455 Mich 221, 242; 565 NW2d 389 (1997). Thus, the Court has never held that a trial court only can consider evidence admissible under the Michigan Rules of Evidence when determining the proper amount of restitution as part of a defendant's sentence.

[2] Nearly identical language in the Federal Rules of Evidence states that the rules of evidence do not apply to "sentencing." FRE 1101. Federal cases interpreting this rule likewise conclude that the rules of evidence do not apply to restitution hearings. See *United States v Gushlak*, 728 F3d 184, 197 n 10 (CA 2, 2013) ("The Federal Rules of Evidence do not apply at sentencing proceedings. Fed.R.Evid 1101(d)(3). Expert testimony in restitution cases is therefore not governed by the strictures of Fed.R.Evid. 702, nor, it follows, by authorities interpreting that Rule[.]"); see also *United States v Ogden*, 685 F3d 600, 606 (CA 6, 2012) (stating that while the defendant argued "that the district court should have admitted the chat logs during his restitution hearing," he "cites nothing in the record to suggest the district court actually excluded the chat logs from the restitution hearing" and even if defendant "assumes the court did so, he assumes too much: The rules of evidence do not apply during sentencing proceedings. *See* Fed.R.Evid. 1101(d). His argument is meritless.").

penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

"The use of the word 'shall' indicates that the directive to order restitution is mandatory, unless the exception applies." *People v Bell*, 276 Mich App 342, 347; 741 NW2d 57 (2007). "Restitution encompasses only those losses that are easily ascertained and are a direct result of a defendant's criminal conduct," and "[t]he prosecution must prove the amount of the victim's loss by a preponderance of the evidence." *Gubachy*, 272 Mich App at 708.

In the instant case, the evidence supported the trial court's order of restitution. At trial, the victim testified that the separator was in workable condition and was in good shape before the crime. He also testified that defendant damaged the separator in his attempt to transport it. The victim's grandson likewise testified that the separator was functioning before defendant's actions, it did not have holes, and it was unbent. He testified that the separator was damaged when defendant was loading or unloading it. The victim submitted photographs of the damage to a repair company and that company calculated an estimated cost of $4,580 to repair the equipment. Defendant did not submit any evidence to counter this testimony or demonstrate that this figure inaccurately represented the cost of repairing the equipment.

Defendant has not shown that the trial court's findings of fact were clearly erroneous because we are not "left with the definite and firm conviction that a mistake has been made." *Allen*, 295 Mich App at 281. A preponderance of the evidence supports the trial court's

finding that the victim suffered a loss of $4,580 as a result of defendant's criminal conduct.

### III. CONCLUSION

The trial court correctly ordered restitution. There are no errors requiring reversal or remand. We affirm.

METER, P.J., and SERVITTO, J., concurred with and RIORDAN, J.