2014 VT 84

# State of Vermont v. Phillip Morse

[106 A.3d 902]

No. 13-045

Present: Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.

Opinion Filed July 25, 2014

Motion for Reargument Denied August 26, 2014

*Alexander Burke*, Bennington County Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Matthew F. Valerio*, Defender General, and *Joshua S. O'Hara*, Appellate Defender, Montpelier, for Defendant-Appellant.

¶ 1. **Reiber, C.J.** Defendant appeals a restitution order requiring him to pay $2,427.36 for damage to a car. On appeal, defendant argues that (1) the State failed to meet its burden of demonstrating that the victim's loss was uninsured; (2) the court failed to make a specific finding that the damage was uninsured; (3) the court erred in admitting and using a repair estimate because it was hearsay; and (4) the court erred in calculating the amount of restitution by using the cost of repair rather than the difference in fair market value before and after the accident. We affirm.

¶ 2. The charges in this case stem from an incident in October 2012 between defendant and his ex-girlfriend. The ex-girlfriend was driving her mother's car when defendant followed her, passed her, and then stopped in the middle of the roadway. When the ex-girlfriend tried to pass, defendant swerved his truck, damaging the car's right side. Defendant was charged with aggravated domestic assault, aggravated stalking, negligent operation of a vehicle and reckless endangerment. In November 2012, defendant pleaded guilty to grossly negligent operation and reckless endangerment, and the State dismissed the other charges. Defendant was sentenced to two-to-five years.

¶ 3. The State requested restitution. The ex-girlfriend testified at the restitution hearing. She explained that she was driving her mother's green car when defendant crashed his red truck into the car, causing damage to the front and back passenger doors. She described that there were scratches up and down the side of the door, the back door was dented in and there was red paint on the side of the car. She also testified that none of the damage was present before defendant's truck hit the car. She testified that she had no automobile insurance.

¶ 4. The car owner, the ex-girlfriend's mother, also testified. She explained that she obtained an estimate for the repairs. Defense counsel questioned the car owner about the estimate during voir dire, and she admitted that she knew little about vehicles and could not elaborate on the meaning of particular items in the estimate. Defendant moved to exclude the estimate as hearsay. Upon further questioning by the State, the witness clarified that there was no other damage to her vehicle prior to October 2012, and the estimate was to repair damage caused by the October

2012 collision. The court admitted the estimate in conjunction with the owner's testimony. The car owner also testified that she did not have collision insurance. She explained that she had tried to get information from the state's attorney about defendant's insurance, but did not receive a response to her request.

¶ 5. Defendant's cousin, who is a friend of the ex-girlfriend, testified for defendant. She stated that there were dents in the car prior to the October 2012 accident. She also testified that she did not notice additional damage after the accident.

¶ 6. The court made findings on the record. The court found that the State had met its burden of showing that defendant crashed his truck into the vehicle driven by his ex-girlfriend and caused substantial damage to the car's right side. The court found credible the car owner's testimony that there was not any significant damage prior to the accident. The court also found that the estimate represented a fair and reasonable amount to repair the damage caused by the accident. The court issued a written form order, finding: "The victim incurred an uninsured material loss in the total amount of $2427.36." Defendant timely appealed.

¶ 7. The purpose of the restitution statute is to compensate the victim for his or her "material loss," 13 V.S.A. § 7043(a), which is defined as an "uninsured property loss, uninsured out-of-pocket monetary loss, uninsured lost wages, and uninsured medical expenses." *Id.* § 7043(a)(2). The State has the burden of proving "that a loss attributable to a crime victim is uninsured." *State v. Hughes*, 2010 VT 72, ¶ 11, 188 Vt. 595, 5 A.3d 926 (mem.). The standard of proof is a preponderance of the evidence. *State v. VanDusen*, 166 Vt. 240, 245, 691 A.2d 1053, 1055 (1997).

¶ 8. On appeal, defendant first argues that the State failed to meet its burden of proving that the damage was not insured. Although the State introduced testimony from the car owner that her insurance did not cover the damage and that she did not receive any information in response to her inquiries regarding defendant's insurance, defendant contends that the State failed to meet its burden of proving that defendant lacked insurance to cover the damage.

¶ 9. ■ We conclude that the State's failure to affirmatively demonstrate that defendant lacked insurance does not require reversal because defendant has not demonstrated or even alleged that the victim's loss was covered by his insurance, and therefore

that, if such an inquiry had been made at the restitution hearing, the result would have been different. See *United States v. Zangari*, 677 F.3d 86, 96 (2d Cir. 2012) (holding that there was no unfair prejudicial impact where defendant did not show that restitution would have been less if error had not occurred). If, in fact, defendant has insurance coverage, he will not suffer any prejudice because any payment from his insurer will operate as a credit against his restitution obligation.[1] Therefore, any error was harmless. See V.R.Cr.P. 52(a) ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.").

¶ 10. ■ Relatedly, defendant argues that the court failed to make a specific finding that the damage was uninsured. Defendant focuses on the court's on-the-record findings made at the conclusion of the restitution hearing, which did not mention insurance. However, in addition to those findings, the court issued a written form restitution order. On that order, the court checked the box, finding specifically that "[t]he victim incurred an uninsured material loss." Defendant claims that this finding in the written order is not sufficient because it conflicts with the court's earlier oral findings. That the court did not mention insurance in its oral findings does not conflict with its subsequent written finding that the victim suffered an uninsured loss. The finding on the written order was sufficient to demonstrate that the court found the loss was uninsured. See *Hanson-Metayer v. Hanson-Metayer*, 2013 VT 29, ¶¶ 45-46, 193 Vt. 490, 70 A.3d 1036 (holding that written findings control).

¶ 11. Next, defendant contends that the court erred in admitting and using a repair estimate because it was hearsay. At trial, the car owner testified concerning the cost of repairs to her vehicle, and the State sought to admit an estimate of the repair cost. Defendant objected that there was an insufficient basis to admit

---

[1] Per statute, in Vermont, all insurance policies must include coverage for insurance against uninsured motorists up to $10,000 in property damage, subject to a $150 deductible. 23 V.S.A. § 941(a). Therefore, if the car owner had a Vermont insurance policy and defendant was uninsured, presumably her policy would cover the loss, and her only out-of-pocket expense would be the $150 deductible. Neither side elicited information about uninsured motorist coverage at the restitution hearing. In addition, on appeal, defendant does not argue this as a basis for reversal, and consequently there is no briefing on the issue. Therefore, we do not reach the question.

the document and, following a voir dire, the court admitted the repair estimate in conjunction with the victim's testimony. On appeal, defendant contends that the estimate was hearsay and admission was error.

¶ 12. Hearsay is a statement made by someone not testifying at trial "offered in evidence to prove the truth of the matter asserted." V.R.E. 801(c). Hearsay is not admissible unless it fits within an exception. V.R.E. 802. The court's evidentiary rulings are reviewed for an abuse of discretion. See *State v. Burke*, 2012 VT 50, ¶ 23, 192 Vt. 99, 54 A.3d 500.

¶ 13. ■ We agree that the estimate was hearsay since the author of the estimate did not testify at trial, and it was introduced to prove the truth of the car owner's claim for damages.[2] See *Towle v. St. Albans Publ'g Co.*, 122 Vt. 134, 139, 165 A.2d 363, 366 (1960) (holding that it was error to admit letter where author did not testify and contents were used to support damage award). Nonetheless, we conclude there was no error in admitting the estimate because the Rules of Evidence do not apply in restitution proceedings.

¶ 14. ■ Under Vermont Rule of Evidence 1101(b)(3), the rules of evidence are not applicable in sentencing proceedings. Restitution is part of sentencing, and thus employs rules that "are less formal than in the criminal trial." *VanDusen*, 166 Vt. at 245, 691 A.2d at 1055. Further, there is no constitutional bar to admission of hearsay at restitution. "A sentencing hearing is not a guilt-determining proceeding. Therefore, the Confrontation Clause does not prohibit the introduction of hearsay testimony." *State v. Gallagher*, 150 Vt. 341, 350, 554 A.2d 221, 226-27 (1988).

¶ 15. ■ This conclusion is supported by both federal and state cases. Vermont Rule 1101 employs similar language to the parallel

---

[2] Apart from the estimate, the evidence of the amount of damage to the vehicle consisted of the car owner's testimony that there was no damage to the car prior to the accident, and that, in her opinion, the estimate accurately depicted the cost of repairing the vehicle. A property owner is competent to testify about the value of her property. 12 V.S.A. § 1604. Here, however, the car owner admitted that she did not know much about vehicles and she did not know how much the car was worth. Her valuation of the damage was based solely on the estimate. Therefore, her testimony alone was not sufficient to demonstrate the victim's estimated loss to a reasonable degree of certainty. See *State v. May*, 166 Vt. 41, 43-44, 689 A.2d 1075, 1077 (1996) (noting that in ascertaining damages, "mathematical certainty is not required, but there must be a reasonable basis for estimating the loss").

federal rule, which also states that the rules of evidence do not apply to "sentencing." F.R.E. 1101(d)(3). Federal courts interpreting this language have concluded that because restitution is part of sentencing it is not governed by the rules of evidence. See *United States v. Gushlak*, 728 F.3d 184, 197 n.10 (2d Cir. 2013) (explaining that because rules of evidence do not apply at sentencing proceedings, admission of expert testimony in restitution cases is not governed by F.R.E. 702); *United States v. Yeung*, 672 F.3d 594, 606 (9th Cir. 2012) (holding that federal rules of evidence not applicable to restitution hearing and no error to admit hearsay), *abrogated on other grounds by Roberts v. United States*, ___ U.S. ___, 134 S. Ct. 1854 (2014); *United States v. Sunrhodes*, 831 F.2d 1537, 1543 (10th Cir. 1987) (holding that restitution is part of sentencing and that defendant has no right to confrontation).

¶ 16. Several other state courts have also concluded that the rules of evidence are not applicable in restitution proceedings and that hearsay may be admitted to prove a victim's loss. See *State v. Miller*, Nos. 12-1448, 12-1449, 2014 WL 1714970, at *1 (Iowa Ct. App. Apr. 30, 2014) (holding that rules of evidence not applicable in restitution hearing and estimate may be admitted to prove damages); *Commonwealth v. Casanova*, 843 N.E.2d 699, 705 (Mass. App. Ct. 2006) (holding that "strict evidentiary rules" do not apply at restitution hearing and hearsay is admissible if reliable); *People v. Matzke*, 842 N.W.2d 557, 559-60 (Mich. Ct. App. 2013) (holding that restitution is part of sentencing, rules of evidence do not apply and hearsay may be admitted); *State v. Aragon*, 2014 MT 89, ¶¶ 12-13, 321 P.3d 841 (holding rules of evidence not applicable at restitution hearing); *State v. Riley*, 2009-Ohio-3227, ¶ 28, 920 N.E.2d 388 (Ct. App.) (holding that rules of evidence are not applicable in restitution hearing and do not bar admission of hearsay); *Sigler v. Commonwealth*, 739 S.E.2d 272, 275 (Va. Ct. App. 2013) (reciting rule that court may consider reliable hearsay in determining amount of restitution); *State v. Kisor*, 844 P.2d 1038, 1044 (Wash. Ct. App. 1993) (explaining that rules of evidence do not apply at restitution and hearsay may be admitted). But see *Conway v. State*, 115 So. 3d 1058, 1059 (Fla. Dist. Ct. App. 2013) (explaining that hearsay may not be used to determine amount of restitution when defendant properly objects).

¶ 17. ■ In addition, admission of hearsay documents to prove the amount of a victim's loss is supported by the restitution

statute. The statute does not reference the use of expert witnesses, but instead states that a restitution hearing may be delayed until there is "sufficient documentation" of the victim's material loss. 13 V.S.A. § 7043(d)(1). Thus, the statute presumes the use of documents to demonstrate the amount of a victim's material loss.

¶ 18. ■ Therefore, we hold that in restitution proceedings the rules of evidence do not apply and hearsay may be admitted. Any offered hearsay must, however, meet certain requirements to ensure its reliability. See *Gallagher*, 150 Vt. at 350, 554 A.2d at 227 (explaining that in sentencing proceeding hearsay may be admitted if its use is disclosed sufficiently in advance, defendant has chance to rebut it, and sentencing court finds it reliable). While there are no procedural rules particularly governing the admission of evidence at restitution hearings, Vermont Rule of Criminal Procedure 32(c)(4)(A) governs the admission of factual information at sentencing and provides: "Either party may offer evidence, including hearsay, specifically on any disputed factual issues in open court with full rights of cross-examination, confrontation, and representation." The rule further explains that if a defendant objects to factual information, the court may not consider it unless it finds that "the fact has been shown to be reliable by a preponderance of the evidence, including reliable hearsay." *Id.*

¶ 19. While the Rule 32 procedure was not followed in this case, the record provides sufficient information to conclude that the estimate was admissible. The court did not make an explicit finding on reliability, but following voir dire concluded the estimate was admissible in conjunction with the vehicle owner's testimony regarding the scope of the estimate. The record supports that the estimate had sufficient indicia of reliability and was admissible. The estimate was detailed, came from a disinterested party, and, as the trial court explained, was admitted in conjunction with the car owner's testimony that it represented the costs of repairing damage that was caused by the May 2012 collision. See *Bouchard v. Dep't of Emp't & Training*, 174 Vt. 588, 590, 816 A.2d 508, 511 (2002) (mem.) (explaining that factors to consider in assessing reliability of hearsay are specificity, detail, consistency of statement, and whether it was made by a disinterested person). Further, defendant had the opportunity to cross-examine the car owner on the values in the estimate, and made no claim that he

was not provided sufficient notice of the estimate in advance of the hearing.

¶ 20. ■■ Defendant's final argument is that the court erred in calculating the amount of loss by using the cost of repair rather than the difference in the vehicle's fair market value before and after the accident. See *State v. Curtis*, 140 Vt. 621, 622, 443 A.2d 454, 455 (1982) (per curiam) (noting that method for measuring damage to vehicle is difference in fair market value before and after accident). Defendant failed to raise this argument at trial, and, ordinarily, issues not raised are waived on appeal.[3] See *State v. Tetrault*, 2012 VT 51, ¶ 9, 192 Vt. 616, 54 A.3d 146 (mem.) (holding that arguments not presented at restitution hearing are waived). Defendant acknowledges his failure to raise the issue, but asserts it is nonetheless reviewable for plain error. V.R.Cr.P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.").

¶ 21. ■■■ Assuming plain-error review applies,[4] defendant has failed to demonstrate that it entitles him to relief. Plain error is a high bar; it requires an error that is obvious, affects substantial rights, results in prejudice to defendant, and affects the fairness of the judicial proceedings. See *State v. Herrick*, 2011 VT 94, ¶ 18, 190 Vt. 292, 30 A.3d 1285. There was no plain error in measuring damages by using the repair cost insofar as there was neither a clearly obvious error nor did any error affect defendant's substantial rights and cause unfair prejudice. The

---

[3] Before the criminal court, defendant did not challenge the amount of restitution. At defendant's change-of-plea hearing, the State indicated that it was seeking restitution. Defendant's attorney indicated that the only issue regarding restitution was whether there was contact between the two vehicles. Therefore, defendant limited the restitution issues to whether there was any damage to the car, not the amount of the damage resulting.

[4] The criminal rules, which include the plain-error standard, V.R.Cr.P. 52(b), are applicable in all criminal proceedings except as specifically stated. V.R.Cr.P. 1, 54 (making rules applicable in all criminal proceedings, and listing exceptions, which do not include sentencing or restitution). We have recognized, however, that restitution "is more akin to a civil judgment for damages," *Hughes*, 2010 VT 72, ¶ 10, and, in civil proceedings, issues not raised below are waived. *Pope v. Town of Windsor*, 140 Vt. 283, 286, 438 A.2d 388, 390 (1981). We need not, and do not, decide whether plain-error review may be used to challenge unpreserved errors in a restitution hearing because, even if such review is available, it does not entitle defendant to relief in this case.

statute does not prescribe a certain method for calculating damages. While the difference in fair market value is a reasonable means to assess damages, other measures are also reasonable. See *Tetrault*, 2012 VT 51, ¶¶ 12-13 (holding that using replacement cost of damaged appliances instead of difference in fair market value was reasonable method for calculating homeowner's loss).

¶ 22. ■ Further, even if the difference in fair market value is the correct measure of damages, defendant fails to meet the plain-error standard because he has not demonstrated that using the repair cost resulted in unfair prejudice. Defendant fails to show that a damage calculation based on the change in value would vary substantially from the repair cost. The estimated loss must be calculated to a degree of reasonable certainty, and the evidence admitted at trial allowed the court to make such a calculation. See *May*, 166 Vt. at 45, 689 A.2d at 1078. The court's award was supported by the evidence and did not exceed the scope of its authority under the restitution statute.

*Affirmed.*

¶ 23. **Dooley, J.,** concurring. Chapter II, § 37 of the Vermont Constitution provides that "[t]he Supreme Court shall make and promulgate rules . . . governing practice and procedure in civil and criminal cases in all courts." To implement this responsibility for criminal cases, the Supreme Court adopted the Vermont Rules of Criminal Procedure effective October 1, 1973. V.R.Cr.P. 59(a). These rules govern "the procedure in the Criminal Division of the Superior Court in all criminal proceedings." V.R.Cr.P. 1. As the majority holds, restitution is part of sentencing, a subject covered by Rule of Criminal Procedure 32 and not excluded by Rule 54(a)(2).

¶ 24. When the rules were promulgated, the current restitution statute had not been enacted. As a result, the sentencing rule did not mention restitution. Although the current statute requires that restitution "be considered in every case" in which a victim has suffered material loss, 13 V.S.A. § 7043(a)(1), Rule 32 does not explicitly provide a procedure for restitution requests. The only specific procedure is in the statute: "Unless the amount of restitution is agreed to by the parties at the time of sentencing,

the Court shall set the matter for a sentencing hearing,"[5] and "[p]rior to the date of the hearing, the prosecuting attorney shall provide the defendant with a statement of the amount of restitution claimed together with copies of bills that support the claim for restitution."[6] *Id.* § 7043(c)(1), (2). A sentencing hearing was held in this case; there is no record that the prosecutor provided the statement or copies required by the statute.[7] Nor did the prosecutor disclose the witnesses the State would call in the restitution hearing or that hearsay would be used.[8] The defendant did disclose the witness he called.

¶ 25. This case is a vivid demonstration of why rules establishing the procedure for restitution claims are necessary. The issues in this appeal should be clearly covered by rule provisions.

¶ 26. Both the main issues make the point in different ways. Defendant's first argument here is that the prosecution failed to show that the victim's material loss was uninsured, as required for any restitution order, *id.* § 7043(a)(2), because it did not consider what liability insurance defendant carried.[9] Of course, if defendant had effective liability insurance, all he had to do was disclose it to the victim and the victim could claim compensation, and the defendant could avoid paying restitution. If defendant showed he had no liability insurance, the victim could have pursued uninsured motorist coverage and again defendant could avoid paying restitution. It is amazing how, in circumstances where defendant could very likely avoid any restitution obligation because some

---

[5] While § 7043(c)(1) provides as quoted in the text, § 7043(d)(1) provides for a separate restitution hearing "[i]f sufficient documentation of the material loss is not available at the time of sentencing." The former provision appears to make the latter superfluous.

[6] In addition, the statute provides a procedure for when the defendant attempts to discover medical and mental health records submitted to the "Victims Compensation Board." 13 V.S.A. § 7043(c)(3).

[7] I am not arguing that the prosecutor violated the statute since the statute does not require that the prosecutor file the statement and copies with the court. I do believe that the rule should require filing of the statement and copies.

[8] I do argue below that the failure to disclose the use of hearsay in advance of the hearing was a violation of Rule 32.

[9] Like the majority and dissenting opinions, I assume a loss is not uninsured under the statute if defendant has liability insurance that may cover the loss or if, because the loss arises from a collision of two vehicles, the victim has uninsured motorist coverage. I am not sure, however, that the Legislature understood the complications that could arise from such a definition of uninsured.

insurance is available, he is here arguing that the State is responsible for his having to pay restitution.

¶ 27. The point is that a disclosure regime where both defendant and the victim disclose insurance coverage and existing claims is far preferable to attempting to determine insurance coverage in a contested restitution hearing with no discovery and no pleadings.

¶ 28. There is more to this point. The arguments assume that determining the availability of coverage is a relatively simple matter of looking at policies or the law. Imagine, however, that defendant's insurance carrier denies coverage under a policy exclusion for intentional torts. While I use this as a hypothetical, even an occasional sampling of our decisions shows that insurance coverage disputes are common, and it is not uncommon for insurers to exclude criminal conduct from their liability coverage. The criminal division judge could not determine the coverage question in a restitution hearing in which the insurance carrier is not a party. It is not clear what procedure to employ in a circumstance like this.[10] Neither the statute nor the current rules give any guidance.

¶ 29. The second main issue also shows the need for procedural regulation. I agree with the majority that hearsay evidence is admissible in a restitution hearing if found reliable. In fact, Rule 32(c)(4)(A) specifically provides for use of hearsay in sentencing hearings but regulates its use.

> Either party may offer evidence, including hearsay, specifically on any disputed factual issues in open court with full rights of cross-examination, confrontation, and representation. When a defendant objects to factual information submitted to the court or otherwise taken into account by the court in connection with sentencing, the court shall not consider such information unless, after hearing, the court makes a specific finding as to each fact objected to that the fact has been shown to be reliable by a preponderance of the evidence, including reliable hearsay. If the court does not find the alleged fact to be reliable, the court shall either make a finding that the

---

[10] The statute, 13 V.S.A. § 7043(h), states that restitution "shall not preclude a person from pursuing an independent civil action for all claims not covered by the restitution order." It does not require such an action.

allegation is unreliable or make a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report or other controverted document thereafter made available by the court to the Department of Corrections.

V.R.Cr.P. 32(c)(4)(A).

¶ 30. Because evidence used in a restitution proceeding is "Sentencing Information" governed by Rule 32(c), I conclude that Rule 32(c)(4)(A) applies to restitution. It was not followed by the court, but defendant has not raised this error on appeal to this Court.

¶ 31. In any event, Rule 32 should explicitly state that the provisions in Rule 32(c)(4)(A) apply to restitution hearings. That will ensure that the court determines the reliability of the evidence presented.

¶ 32. Again, there is a broader point. A restitution order is essentially the equivalent of a civil judgment with stronger and broader enforcement powers. I do not recommend that we apply the rules of civil procedure to restitution proceedings. I do believe, however, that the essential elements of the civil rules should apply to ensure notice of the restitution claim, discovery of the evidence being used by defendant and the victim, and a fair and complete adjudication of the dispute.

¶ 33. In summary, I concur fully in the opinion of the majority but hope that we will recognize from this decision that we are in need of complete and effective procedural rules for restitution proceedings. I urge the Advisory Committee on the Rules of Criminal Procedure to develop a draft of such rules and present them to us.

¶ 34. **Crawford, J.,** dissenting. I agree fully with the majority's holding that the Vermont Rules of Evidence do not apply to restitution hearings. I dissent only on the issue of evidence of an uninsured loss.

¶ 35. In the course of the restitution hearing, the victim testified that her own car — the subject of the property damage claim — was insured. Because uninsured motorist coverage is mandatory in Vermont, subject to a $150 deductible, the evidence was unmis-

takable that the victim had insurance coverage available to her that would respond to this loss. 23 V.S.A. § 941(a). Any reluctance she may have had to make use of her own insurance coverage is irrelevant. The restitution statute limits the use of funds held by the Vermont Center for Crime Victim Services to losses for which there is no coverage. See 13 V.S.A. § 7043(a)(1)-(2) (stating that restitution may be awarded to victim that has suffered "a material loss," defined as *"uninsured* property loss, *uninsured* out-of-pocket monetary loss, *uninsured* lost wages, and *uninsured* medical expenses" (emphases added)). Although defendant failed to pursue this issue either at trial or on appeal, the trial court's error in ordering restitution in the face of insurance required by statute meets criteria for "plain error" and requires a remand on that issue. See *State v. Simmons*, 2011 VT 69, ¶ 12, 190 Vt. 141, 27 A.3d 1065 (explaining that plain error lies where error is both obvious and results in a miscarriage of justice if this Court does not recognize it).

¶ 36. I am authorized to state that Justice Skoglund joins this dissent.