2014 VT 82

## State of Vermont v. Owen R. Cornell

[103 A.3d 469]

No. 12-400

Present: **Reiber, C.J., Dooley, Skoglund, Robinson and Crawford, JJ.**

Opinion Filed August 1, 2014

*Christina Rainville,* Bennington County Chief Deputy State's Attorney, Bennington, for Plaintiff-Appellee.

*Matthew F. Valerio,* Defender General, and *Rebecca Turner,* Appellate Defender, Montpelier, for Defendant-Appellant.

¶ 1. **Reiber, C.J.** In this sentencing appeal, defendant challenges the trial court's imposition of various probation conditions to serve after the completion of his incarcerative sentence. Defendant argues that the boilerplate "sex offender conditions" imposed by the court were not sufficiently individualized to comply with statutory sentencing requirements, that the vague and ambiguous wording of some of the conditions violated defendant's due process rights and impermissibly delegated the court's authority to his probation officer, and that several of the conditions were unduly restrictive and invasive in violation of defendant's substantive due process rights. Defendant raised these issues below in response to a limited remand from this Court, but the trial court did not address them because its authority on remand, as requested by the parties, was limited to clarifying the conditions it had already imposed. In accordance with this Court's September 2013 entry order extending the trial court's authority on remand to resolve defendant's challenges, however, we remand to the trial court for further proceedings on defendant's motion to reconsider the probation conditions.

¶ 2. This case presents significant questions involving principles of separation of powers, substantive and procedural due process, and burdens of production under the sentencing statutes, all arising from a list of apparently routine probation conditions imposed by the court at sentencing. Defendant was convicted by jury on April 24, 2012 of lewd and lascivious conduct with a twelve-year-old child. The court ordered a presentence investigation report (PSI), which the Department of Corrections submitted on July 13, 2012. Within the PSI was a section entitled "Specialized Conditions of Probation," with a list of thirty-two probation conditions, some of which were under subheadings labeled "Alcohol and Drug" and "Monitoring." Each probation condition had a line next to it, presumably to be checked off by the probation officer, but none of the lines next to the proposed conditions were marked. Defendant did not file any written objections to the PSI-recommended probation conditions before sentencing.

¶ 3. A contested sentencing hearing was held on September 26, 2012, during which the State asked for a sentence of two-to-eight years in prison, due in part to defendant's post-trial flight to Arizona and the fact that he had recently requested approval to be a foster parent. The State also noted that, since the PSI had been produced, defendant had admitted the conduct and agreed to

engage in sex offender treatment, circumstances which the State suggested could make a "big difference" in sentencing and make the PSI recommendations "kind of irrelevant." Defendant requested a sentence of probation, emphasizing his low recidivism risk and the importance of receiving sex offender treatment. The court ultimately sentenced defendant to two-to-six years, all suspended except for twenty months, with credit for time served. The court stressed the importance of sex offender treatment programming for defendant in imposing the sentence, and invited a motion for limited reconsideration of sentencing if the Department of Corrections indicated that the sentence imposed "prevents the programming altogether." The court further ordered that "[a]ll sexual offender conditions as mentioned in the PSI are imposed for the probation period," but did not list the precise conditions it was imposing. That same day, the court issued a probation order imposing twenty-one restrictions on defendant, the last of which stated "[y]ou must abide by all sex offender conditions as directed by your probation officer." The court's order did not specifically list the sex offender conditions that it was imposing. The conditions in its entry order were general and not the same as the proposed conditions in the PSI, and at least one of the conditions, that defendant not drink alcoholic beverages "to the extent they interfere with [his] employment or the welfare of [his] family," was inconsistent with the PSI, which recommended a complete ban on alcohol consumption as well as alcohol treatment.

¶ 4. After sentencing and pending appeal before this Court, defendant gained the State's acquiescence in filing a motion for remand to the trial court in order to clarify the probation conditions the court intended to impose. This Court granted the motion on June 10, 2013, "for the specific purpose of providing clarification of the special probation conditions imposed." On remand, defendant submitted written objections to various proposed probation conditions in the PSI, including the conditions that defendant not have contact with his nonvictim children without prior approval; view "videotapes, films, or television shows that act as a stimulus for your abusive cycle"; possess pornographic, sexually stimulating, or sexually oriented material; frequent adult book stores, sex shops, topless bars, etc.; own or possess a camera, video recorder, or any other electronic device that has a recording capability, such as a cell phone; or own or possess a computer at his residence or access the Internet at his

place of employment or anywhere else without prior approval from his probation officer (PO). Defendant also objected to conditions requiring that he give his PO search-and-seizure authority for drugs, pornography and/or erotica, to include electronic media if possession of such instruments is prohibited by the PO, and participate in a plethysmograph examination to determine his sexual arousal to abusive themes. Defendant also challenged the conditions that he cannot participate in friendships or relation-ships with women or men who have children under the age of eighteen; may not have contact with persons under age eighteen unless accompanied by a responsible adult; cannot drive alone with a female unless approved by his PO; cannot engage in activities that will bring him in close contact with children; cannot live in an apartment complex that has families with children or neighborhoods near parks, schools, or playgrounds; and the con-dition requiring that defendant's employment be approved in advance by the PO.

¶ 5. On September 6, 2013, the trial court issued an order adopting essentially all of the proposed probation conditions contained in the PSI.[1] On September 9, 2013, the court issued an entry order stating that it would not address defendant's objec-tions to the PSI-recommended conditions on the grounds that "the remand in this case was for clarification of what conditions were imposed." The court further advised that "[d]efendant's remedy lies in his appeal." That same day, defendant filed a motion to reconsider the court's imposed probation conditions. Defendant also filed a motion with this Court on September 10, 2013 to extend the remand and allow the court to rule on defendant's motion to reconsider. The trial court denied defendant's motion to reconsider on September 17, 2013, on the basis that the court had already fulfilled the purpose of the remand, which was to clarify the conditions imposed, and that it declined to act further. Two days later, however, this Court granted defendant's motion to extend the remand so that the trial court could rule on defend-ant's motion to reconsider. Defendant moved to review or modify his probation conditions on March 7, 2014, and the trial court denied the motion on March 24, 2014 for lack of subject matter

---

[1] Besides some minor wording changes, the only discrepancy between the PSI conditions and the court's order is that the order does not contain the PSI condition "You may not enter any establishment where the primary purpose is the selling/serving of alcoholic beverages."

jurisdiction because defendant had raised identical issues on appeal to this Court.

¶ 6. ■ It appears, then, that the trial court's order declining to rule on defendant's motion and this Court's order allowing the court to rule on the motion at some point crossed in the mail. Despite this confounding procedural posture,[2] we conclude that defendant's motion was ultimately properly before the trial court. The State argues that defendant waived consideration of his arguments entirely because he did not object to the PSI probation recommendations either before sentencing or during the sentencing hearing. Essentially, the State contends that by not objecting to the proposed conditions at the time of the sentencing hearing and instead arguing for probation rather than jail, defendant made a strategic choice that ultimately resulted in a prison sentence, and thus lost the opportunity to challenge his conditions once the probationary sentence was already imposed. Moreover, the State argues that the remand from this Court was for the limited purpose of clarifying the conditions already ordered, and that it was improper for defendant to raise objections for the first time on remand. Therefore, the State asserts that the proper avenue for defendant to raise his challenges would be in a post-conviction-relief proceeding rather than a direct appeal.[3]

---

[2] Part of the confusion in this case arises from the fact that defendant filed a notice of appeal before asking the trial court to clarify — then comprehensively challenging — the probation conditions, thus blurring the jurisdictional lines between the trial court and this Court. The proper procedure would have been for defendant to first move for clarification of the conditions imposed by the trial court, and then to bring his claims before the trial court in a challenge to an illegal sentence under Vermont Rule of Criminal Procedure 35(a) or in a direct appeal to this Court. See 13 V.S.A. § 7041(d) (providing that entry of deferment of sentence constitutes a final judgment for purposes of appeal); 28 V.S.A. § 207 (stating sentence to probation constitutes a final judgment). Despite this procedural error, we construe defendant's claim as a challenge under Rule 35(a).

[3] The State has not cited any authority in support of its proposition that defendant's challenges "would be better served" through post-conviction relief, presumably pursuant to 13 V.S.A § 7131. Assuming post-conviction relief is available, there is no requirement that defendant wait to mount a collateral challenge to his sentence, particularly where we have held that "a probationer is barred from raising a collateral challenge to a probation condition that he was charged with violating, where the challenge could have been raised on direct appeal from the sentencing order." *State v. Freeman*, 2013 VT 25, ¶ 12, 193 Vt. 454, 70 A.3d 1008 (quotation omitted).

¶ 7. ■ We disagree. We need not reach the question of what obligations defendants have, generally speaking, to preserve objections to probation conditions imposed in a contested sentencing proceeding, because it is clear that defendant in this case did not have adequate notice of the probation conditions from the PSI, the court's oral order during sentencing, or the court's entry order after the hearing. Starting with the PSI, it was not clear which conditions were recommended because none of the boxes next to the form list of conditions in the PSI were checked. The State asserts that it is routine for the court to impose the whole gamut of conditions prescribed for a particular category of offenses, and so defendant in this case was on notice that the probation office had recommended the entire list of so-called "sex offender" conditions. This apparently routine practice in the Bennington County court is not codified in any court rule or statute. But even assuming that defendants have notice of categorically imposed conditions, one would expect, consistent with this practice, that *all* of the boxes on the PSI list would be checked, not none. With no indication of which conditions the probation office had recommended to be imposed, defendant was not on notice prior to the sentencing hearing to obligate him to object even if he did otherwise have such an obligation.[4]

¶ 8. This confusion was compounded by the court's oral order during sentencing imposing "[a]ll sexual offender conditions as mentioned in the PSI" without delineating which conditions it was referring to. The PSI contained many conditions not immediately related to sex offenses, including alcohol conditions, prohibitions on possession of electronic devices, search-and-seizure privileges, and driving restrictions. The title for the conditions, "Specialized Conditions," did little to clarify which conditions were the "sex offender" conditions intended by the court. Finally, the court's post-hearing entry order stating that defendant "must abide by all sex offender conditions as directed by [his] probation officer," not

---

[4] We further note that although Vermont Rule of Criminal Procedure 32 provides defendants and the State "an opportunity to comment upon any and all information submitted to the court for sentencing," the rule requires written objections only to facts contained within the PSI, not to sentencing recommendations. V.R.Cr.P. 32(c)(4)(A). By contrast, the analogous federal rule requires the parties to "state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." F.R.Cr.P. 32(f)(1).

only provided no additional clarification of the conditions, but also appeared to delegate discretion to the probation officer to decide which conditions would actually be imposed. There was no signed acknowledgment of receipt of the conditions. Because the entry order did not "explicitly set[] forth the conditions upon which [defendant] is being released," it did not provide sufficient written notice for the conditions to be enforceable, as required by 28 V.S.A. § 252(c). *State v. Hemingway*, 2014 VT 48, ¶¶ 11, 15, 196 Vt. 441, 97 A.3d 465. Under these circumstances, defendant's objections must be addressed.

¶ 9. ■■ For the above reasons, we conclude that defendant's motion to reconsider the imposed probation conditions was properly before the trial court. We remand for the court to reconsider the defendant's challenges to the various conditions imposed and to ensure, among other things, that they are "reasonably necessary to ensure that the offender will lead a law-abiding life or to assist the offender to do so." See 28 V.S.A. § 252(a); see also *State v. Rivers*, 2005 VT 65, ¶ 9, 178 Vt. 180, 878 A.2d 1070 ("[P]robation restriction[s] must be reasonably related to protecting the public from a recurrence of the crime that resulted in the imposition of probation, and must serve the statutory purpose of assisting the probationer to lead a law-abiding life."). Further, to the extent that the conditions are not included in a probation certificate as required by § 252(c), they are not enforceable under this Court's decision in *Hemingway*. 2014 VT 48, ¶¶ 11, 15. Under Criminal Rule 36, the court has discretion to correct clerical mistakes arising by omission or oversight on its own initiative at any time. Therefore, on remand, if the court determines that Rule 36 applies, the court can revise the conditions and issue a certificate of conditions that provides proper notice to defendant.

*Remanded for further proceedings not inconsistent with this opinion.*

¶ 10. **Dooley, J.,** concurring. In essence, this is a continuation of my concurring opinion in *State v. Morse*, 2014 VT 84, 197 Vt. 495, 106 A.3d 902. As in *Morse*, I concur in the opinion of the Court but believe this case shows a serious need for rule-making in an area that is not covered specifically by Vermont Rule of Criminal Procedure 32, but arguably is subject to its terms. Following the federal rule as it read when the Vermont Rules of Criminal Procedure were adopted, Rule 32(e) notes the availability of

probation but leaves any special procedure to the statutes. See V.R.Cr.P. 32, Reporter's Notes. The relevant statutes, 28 V.S.A. §§ 201-255, provide some procedure, but leave major gaps. As this case demonstrates, filling some of these gaps is necessary.

¶ 11. The major gap involves procedures related to objections to probation conditions. In this case, the presentence investigation report (PSI) arguably proposed thirty-two "specialized conditions of probation." I say arguably because none of these conditions were separately checked, as the majority decision notes. I understand from the argument that this list of conditions is routinely proposed by the Department of Corrections as part of sentencing for sexual-misconduct crimes, at least in Bennington County. In addition, the court considered a large number of standard conditions that are part of the court's computer system. In this case, the court ordered nineteen of these conditions and added two others, one of which (labeled number "32") was "you must abide by all sex offender conditions as directed by your probation officer." Thus, in this case, fifty-three probation conditions were somehow in play.

¶ 12. As defendant has noted in challenging many of the conditions, the proliferation of conditions has caused serious questions regarding which conditions are actually in effect. Where we need precision, see *State v. Hemingway*, 2014 VT 48, ¶ 15, 196 Vt. 441, 97 A.3d 465, we instead have a muddle. In this case, a standard condition provides: "You shall not drink alcoholic beverages to the extent they interfere with your employment or the welfare of your family, yourself or any other person." A special sex-offender condition reads "You may not purchase, consume or possess alcohol."

¶ 13. We have held that a probation condition must be challenged at sentencing, by a Rule 35 motion,[5] or by appeal from the sentence, and may not be raised as a defense to revocation of probation based on a violation of the condition. *State v. Austin*, 165 Vt. 389, 401-02, 685 A.2d 1076, 1084-85 (1996). Each of the permissible methods for challenge has its own complications.

¶ 14. This is particularly true of challenges at time of sentencing. There is nothing in Rule 32, the governing sentencing rule, that requires a defendant to object to proposed sentencing

---

[5] I have not addressed challenges under Rule 35(a) because this procedure has not arisen in this case.

recommendations before the sentencing hearing. As the majority points out, there is a provision that requires a defendant to submit "[a]ny objection to facts contained in the [PSI]" in writing at least three days prior to the sentencing hearing. V.R.Cr.P. 32(c)(4)(A). But this requirement does not apply to proposed probation conditions, whether in the PSI, a plea agreement or the prosecutor's sentencing position. Presumably then, the defendant will state any objection to probation conditions as part of defense counsel's presentation at the sentencing hearing. See V.R.Cr.P. 32(a)(1)(B).

¶ 15. In some instances, this opportunity is inadequate. The trial court may include all of, or only some of, the computer-generated standard conditions, and some additional conditions not raised by any party. In this case the trial court added a condition that stated: "You must abide by all sex offender conditions as directed by your probation officer." The record contains no indication that such a condition would be included. Apparently, defendant learned of the condition only when he received the signed, written probation order. It is unclear when defendant could have objected to this condition.

¶ 16. In many instances, an objection at sentencing comes very late and will give inadequate time to resolve the conflict or force a sentencing delay. In *State v. Freeman*, 2013 VT 25, ¶ 17, 193 Vt. 454, 70 A.3d 1008, we struck down a probation condition in part because the court made no findings indicating its necessity. Of course, there was no evidence in that case from which the court could have made findings just as there was no factual statement in the PSI in support of the proposed conditions in this case and no specific facts supporting the probation conditions the court imposed.

¶ 17. The State makes the argument in this case that it had to have the opportunity to respond with evidence to any challenge to conditions proposed in the PSI. Again, Rule 32 as it currently exists does not require prior notice of a challenge to a probation condition and gives no opportunity for an evidentiary hearing.

¶ 18. Many of the challenges to probation conditions have been raised on direct appeal to this Court. See, e.g., *State v. Moses*, 159 Vt. 294, 295-96, 618 A.2d 478, 479 (1992). In *Freeman*, 2013 VT 25, ¶ 11, we ruled that an appellate challenge was available, even in the absence of any objection in the trial court, under a plain error standard of review. As noted above, *Freeman* struck down a

condition in the absence of an objection below in part because there were no findings to support it. *Freeman* suggests that the findings were necessary even in the absence of an objection to the condition in the trial court. A clarification by rule of when findings are necessary in support of a probation condition would be appropriate.

¶ 19. As in *Morse*, I recommend that the Criminal Rules Committee draft and recommend additions to Criminal Rule 32 to address specifically the process of creating and implementing probation conditions and the procedures for objecting to or challenging proposed conditions.