*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-103

SEPTEMBER TERM, 2015

| | |
|---|---|
| State of Vermont | } APPEALED FROM: |
| | } |
| v. | } Superior Court, Addison Unit, |
| | } Criminal Division |
| | } |
| Alec T. Morse | } DOCKET NO. 525-10-14 Ancr |

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Defendant pled guilty to aggravated sexual assault of a child under thirteen in violation of 13 V.S.A. § 3253(a)(8), and he appeals from the trial court's sentencing decision. We affirm.

In October 2014, defendant was charged with aggravated sexual assault on his twelve-year-old stepsister. Defendant was twenty-two years old at the time. Defendant has a prior conviction for assault and robbery with a weapon, and at the time of the charged conduct, he had just been released on furlough for this crime. Defendant initially denied having sex with his stepsister but later admitted it to police. He pled guilty in December 2014 pursuant to a plea agreement. By statute, there is a mandatory minimum of ten years of imprisonment for this crime without the possibility of parole, probation, or furlough. 13 V.S.A. § 3253(b). The statute provides, however, that the court "may depart downwardly from the ten-year term of imprisonment required [by law] and impose a lesser term of incarceration if the court makes written findings on the record that the downward departure will serve the interests of justice and public safety, provided that in no event may the court impose a term of incarceration of less than five years." Id. § 3253(c)(2). Under the parties' plea agreement, the State was capped at arguing for a sentence of ten-years-to-life, while defendant was free to argue for a lesser sentence under 13 V.S.A. § 3253(c)(2). The parties agreed that any sentence would be served concurrent with defendant's remaining sentence for his assault and robbery with a weapon conviction.

A sentencing hearing was held in March 2015. At the outset, the court indicated that it had received a presentence investigation report (PSI) from the Department of Corrections. Neither party presented any evidence. As noted, the State asked the court to impose a sentence of ten-years-to-life. It reiterated that defendant had committed aggravated sexual assault just after he was released on furlough for another crime. He continued to have sex with the victim for several months. Defendant denied having sex with her initially, although he eventually admitted it. Defendant characterized his behavior as a romantic relationship in the PSI, which suggested that he had not yet come to terms with his actions. The State also pointed out that because defendant would be serving a concurrent sentence for assault and robbery with a weapon, very little of the ten-year minimum would be punishment for this particular crime. It emphasized the harmful nature of the offense at issue, asserting that defendant's actions had robbed the young victim of her innocence and damaged her relationships with others. Finally,

the State cited the legislative intent underlying 13 V.S.A. § 3253, which plainly contemplated lengthy incarceration for sexual offenders.

The victim's mother testified on victim's behalf. She described the damage that defendant's actions had caused, including their effect on the victim's schooling, emotions, and relationships. She stated that the victim suffered from depression and anxiety, and had attempted suicide. The mother cited the heinous nature of defendant's crimes, noting that his prior conviction involved an armed robbery of a home for the elderly, followed by the aggravated sexual assault of a child. The mother stated that when she confronted defendant, he tried to make her feel guilty for believing the victim, and then he painted himself as the victim. She maintained that defendant had no moral compass and that he would continue to reoffend. Based on all of these arguments, the State asked the court to impose the statutory sentence of ten-years-to-life.

Defendant's counsel argued that defendant was socially immature, and pointed to defendant's mental health history for anxiety, depression, insomnia, and PTSD. Counsel asserted that defendant's criminal history was limited, although he acknowledged that the crimes involved were serious. Contrary to the State's argument, counsel maintained that defendant was contrite. He also pointed to the PSI, which indicated that defendant posed a low to moderate risk of reoffending. Finally, counsel asserted that defendant was involved in a "willing but wrong" relationship, indicating that the child was a "willing participant" in the relationship. For these reasons, defense counsel asked the court to consider the possibility of a downward departure, and he requested a sentence of five-years-to-life.

The court made its ruling on the record. It cited the relevant statute and expressly considered whether a downward departure would serve the interests of justice and public safety. It could not conclude that a downward departure would serve the interests of justice and public safety here. The court acknowledged that defendant was young, and that he had expressed real regret for his crime. Nonetheless, defendant was ten years older than the victim, and they were related to one another. The court found that defendant should have been protecting the victim, not taking advantage of her. The court stated that it could not see how the interests of justice or public safety would be served by reducing the sentence from the statutory minimum of ten years. To the contrary, it found that this case represented a parent's worst nightmare that a minor child would be victimized by an older relative. The court thus imposed the ten-year-to-life sentence required by statute, to be served concurrent with the assault and robbery sentence. This appeal followed.

Defendant argues that the court was obligated under the statute to conduct a more thorough interests-of-justice analysis. According to defendant, the court was required to examine defendant, his crime and relative culpability, his prospects at rehabilitation, and the traditional goals of sentencing. Defendant discusses the legislative history of the statute at issue, and also notes that the DOC must conduct PSIs for all persons convicted of certain sexual offenses, including the offense at issue here. Defendant maintains that the court engaged in a perfunctory analysis, and that it abused its discretion by "ignoring the law."

We reject these arguments. Trial courts have broad discretion in determining an appropriate sentence, and our review of sentencing decisions is limited. State v. Daley, 2006 VT 5, ¶ 6, 179 Vt. 589 (mem). "Absent exceptional circumstances, we will defer to the court's judgment so long as the sentence is within the statutory limits and was not based on improper or inaccurate information." Id.

As set forth above, the law requires a mandatory ten-year minimum sentence with the caveat that the trial court "may depart downwardly from the ten-year term of imprisonment required [by law] and impose a lesser term of incarceration if the court makes written findings on the record that the downward departure will serve the interests of justice and public safety, provided that in no event may the court impose a term of incarceration of less than five years." § 3253(c)(2). "What is absolutely clear from § 3253 . . . is that the Legislature intended those who sexually assault children to face severe mandatory penalties . . . ." State v. Avgoustov, 2009 VT 14, ¶ 5, 185 Vt. 610 (mem.) (rejecting argument that trial court must make written findings to justify not departing from statutory presumptive sentence, and holding that only downward departures from those penalties need be justified by written findings).

Defendant spends much time arguing that the court must consider if a downward departure is appropriate in every case. Assuming without deciding if this is required, the court obviously engaged in such analysis here. There is nothing in the plain language of the statute that requires the court to sua sponte engage in the precise type of analysis advanced by defendant in this appeal. It is evident that in this case, the court considered the "interests of justice" in light of the PSI and based on the arguments advanced by defendant below. Defendant argued that a downward departure was appropriate because: he was socially immature; he had a history of mental health issues; he had a limited but serious criminal history; he was contrite and willing to accept punishment for his crime; he posed a low-to-moderate risk of reoffending; and the child-victim was a willing participant in the crime. The court rejected the notion that these arguments sufficed to show that the interests of justice warranted a downward departure. It explained the basis for its decision, citing, among other things, the large age difference between defendant and the victim, and the fact that they were related to one another, which should have prompted defendant to protect this child rather than victimize her. The court did not ignore the law, as defendant asserts; it applied the law as written. See, e.g., Heisse v. State, 143 Vt. 87, 89 (1983) ("The most elemental rule of statutory construction is that the plain meaning of the statute controls," and absent ambiguity or confusion, "the statute is not construed but rather is enforced in accordance with its express terms."). The fact that defendant disagrees with the court's conclusion does not demonstrate an abuse of discretion. See, e.g., Knutsen v. Cegalis, 2011 VT 128, ¶ 13, 191 Vt. 546 ("That a different weight or conclusion could be drawn from the same evidence may be grist for disagreement, but does not show an abuse of discretion."). We have considered all of defendant's arguments, and we find no error.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice