# H. WALTER v. W. T. FOSS.

## MAY TERM, 1895.

*Audita querela.    Will not lie unless judgment obtained by
fraud.*

1. In general *audita querela* will not lie unless the judgment
   sought to be vacated was obtained by the fraud or miscon-
   duct of the other party.

2. Where, owing to a misunderstanding between the agent of
   the defendant and the plaintiff's attorney, but without any
   fraud upon the part of the attorney, the defendant failed to
   enter an appearance, *audita querela* will not lie.

*Audita querela.* · Trial by court at the December term,
1894, Caledonia county, MUNSON, J., presiding. Upon the
facts found the court gave judgment for the defendant. The
plaintiff excepts.

Plaintiff *pro se.*

The plaintiff lost his day in court through the fault of the
defendant's attorney and is entitled to the relief prayed for.
*Weeks* v. *Lawrence,* 1 Vt. 433 ; *Folsom* v. *Connor,* 49 Vt.
4 ; *Tyler* v. *Lathrop,* 5 Vt. 170.

*Bates & May* for the defendant.

Fraud must be shown in the defendant. The plaintiff can-
not find relief in this form of action from the results of his
own remissness. *Little* v. *Cook,* 1 Aik. 363 ; *Scott* v. *Dar-*

*ling*, 66 Vt. 510; *Tyler* v. *Lathrop*, 5 Vt. 170; *Stamford* v. *Barry*, 1 Aiken 321; *Foster* v. *Stearns*, 3 Vt. 322; *Barrett* v. *Vaughn*, 6 Vt. 243; *Betty* v. *Brown*, 16 Vt. 669; *Sutton* v. *Tyrrell*, 10 Vt. 87.

TYLER, J.   In a suit before a justice of the peace, by the plaintiff against the defendant, the latter recovered a judgment on his declaration in offset.   The files of the justice being lost, the amount of the judgment is in dispute.

Foss afterwards brought a suit upon his judgment and recovered another judgment thereon, from which Walter took an appeal and entered it in county court.

Walter had employed one Allard, a person not a lawyer, to assist him in his suits, and at the opening of the term when the appeal was to be entered, employed him to go to St. Johnsbury to do whatever was necessary to protect his interests in the suit, including the employment of counsel.   Allard there had an interview with Mr. May, who was an attorney for Foss.

All that was said in the interview does not appear, but May told Allard that it was not necessary for him to employ an attorney; that it was a small case and the defendant might appear *pro se.*   Allard understood that May would have the entry made.   May did not in fact agree to have it made and did not suppose that Allard so understood the matter.   May practiced no fraud upon Allard and did not suppose that the latter understood that he was relieved from further responsibility in the case.   On account of this conversation and his ignorance of the rules of court, Allard supposed the case would be continued, and so informed Walter, who took no further action about it, and judgment was entered therein against him.

The peculiar office of *audita querela* is to vacate a judgment that has been procured by the fraud or other misconduct of the opposite party.   It is not available where the injury of

which the plaintiff complains is attributable to his own ne-
glect, nor to correct an error of the court in rendering the
judgment.   As was said by Hutchinson, J., in *Little* v. *Cook*,
1 Aik. 363, it is a writ in which the plaint sounds in tort.
See Rob. Dig., title *Audita Querela*, and same title in 1 Am.
and Eng. Enc. of Law where the uses of the writ are quite
fully discussed.   Therefore, to maintain this action some act
of the defendant or his attorney must be alleged and proved
by which the judgment was wrongfully procured.   The de-
cision of the court below acquits the defendant's attorney of
any wrongdoing in the matter; on the contrary, he seems to
have pointed out to Allard, in a friendly spirit, a way in
which he might secure a continuance of the case with little
expense.    That Allard did not see the way was not the fault
of the attorney.   The action does not lie.

*Judgment affirmed.*