John W. Heisse, Jr., M.D. v. State of Vermont, Paul Philbrook,
Commissioner of Public Safety, John Easton, Attorney
General of the State of Vermont, and Mark Keller,
Chittenden County State's Attorney

[460 A.2d 444]

No. 82-196

Present: Barney, C.J., Billings, Hill and Underwood, JJ., and Daley, J.
(Ret.), Specially Assigned

Opinion Filed February 7, 1983

Motion for Reargument Withdrawn May 18, 1983

*Robert B. Hemley* of *Gravel, Shea & Wright, Ltd.*, Burlington, for Plaintiff-Appellant.

*John J. Easton, Jr.*, Attorney General, *Jane Hart Marter*, Assistant Attorney General, and *Patricia J. Hackett*, Special Assistant Attorney General (On the Brief), Montpelier, for Defendants-Appellees.

Barney, C.J. Plaintiff appeals a judgment dismissing his action for declaratory and injunctive relief. His complaint asked the trial court to declare that, effective July 1, 1981, the Polygraph Examiners Act, 26 V.S.A. §§ 2901–2910, was automatically repealed by operation of the "Sunset Act," 26 V.S.A. §§ 3101–3106. The trial court determined that the Sunset Act, and in particular § 3102(d), was susceptible to two conflicting interpretations. Confronted thus with an equivocal statute, the court was free to review "such matters as the history of the particular enactment and the trend of like legislation," *Broughton* v. *Town of Charlotte*, 134 Vt. 270, 272, 356 A.2d 520, 522 (1976), as well as the consequences and the purposes of the law. *Holbrook Grocery Co.* v. *Commissioner of Taxes*, 115 Vt. 275, 57 A.2d 118 (1948). The lower court concluded that, "even though a literal reading of a statute may imply a particular meaning," the spirit of the legislation required dismissal of the complaint.

A brief review of the facts is helpful to an understanding of this litigation. The plaintiff, Dr. Heisse, is a highly credentialed otolaryngologist, licensed to practice medicine in Vermont, New York and Maryland. He is also expert in the use of the Psychological Stress Evaluator [PSE], a device used in the practice of truth and deception detection. The PSE, like the more familiar polygraph, is designed to alert a skilled operator to psychological changes in the body, indicative of heightened stress associated with lying. The essential dissimilarity is that the PSE, unlike the polygraph, may be used without the subject's knowledge. See generally *Heisse* v. *State*, 519 F. Supp. 36, 40–41 (D. Vt. 1980) (civil rights action involving the same parties).

Vermont requires licenses for all "polygraph examiners," defined as "any person who purports to be able to detect deception or verify the truth of statements through instrumentation or the use of a mechanical device." 26 V.S.A. § 2901(3). All parties concede that the use of a PSE in Vermont requires a license and that violation of the licensing provisions subjects the offender to criminal penalties. 26 V.S.A. § 2909. It is also conceded that, although amply qualified, plaintiff repeatedly was denied a license because of the Vermont Attorney General's opinion that PSE users could not be licensed under the Vermont statute. See *Heisse* v. *State, supra.*

■ What we must decide is whether, given that plaintiff was required, under 26 V.S.A. §§ 2901–2910, to be licensed prior to July 1, 1981, plaintiff still remained subject to state regulation after that date. Under our so-called "Sunset Act," the legislature must review and reenact licensing statutes periodically or they will automatically expire. 26 V.S.A. § 3101(9). The State argued, and the trial court apparently agreed, that only "those professions and occupations specifically enumerated in the Sunset Act were intended to be subject to automatic repeal." Plaintiff asserts that § 3102(d) operates as a "catch-all" provision which automatically repealed the licensing authority of the Polygraph Examiners Act and, thence, the licensing authority of the state.

■ The most elemental rule of statutory construction is that the plain meaning of the statute controls. If confusion or ambiguity does not appear, then the statute is not construed but rather is enforced in accordance with its express terms. *State* v. *Baldwin*, 140 Vt. 501, 509–10, 438 A.2d 1135, 1139 (1981); *Lomberg* v. *Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980); *Christie* v. *Dalmig, Inc.*, 136 Vt. 597, 599, 396 A.2d 1385, 1387 (1979).

26 V.S.A. § 3102(d) provides:

A law to regulate a profession or occupation, enacted at any time, remains in effect for six years from July 1 of the year in which it is passed unless otherwise specifically provided. At the end of six years, the law is repealed automatically by operation of this section. . . . In order for regulation of the occupation or profession to continue

for a further six years, a new law must be enacted or the reenactment of the law with or without amendment must take place.

Effective May 6, 1982, the durational period for such laws was increased to twelve years. Plaintiff argues that the Polygraph Examiners Act, which was effective as of July 1, 1975, would, under the Sunset Act and without further legislative action, have expired six years later, on July 1, 1981.

We find the position asserted by plaintiff to be compelling. Section 3102(d), according to its plain meaning, applies to laws regulating "a profession or occupation, enacted at any time . . . unless otherwise specifically provided." Subsection (b) of the same statute lists by name at least 28 occupations and provides specific "sunset" dates for their respective licensing laws. For example, 26 V.S.A. ch. 51, governing radiological technologists, will automatically expire July 1, 1984; 26 V.S.A. ch. 59, governing private detectives, will expire July 1, 1994. Notably, there is no reference to polygraph examiners in this subsection.

■■ Section 3102(d) is clearly a catchall provision. Unless the licensing law is specifically listed in subsection (b), the legislature must reenact any law regulating a profession or occupation, or it is subject to automatic repeal. In this case, as no mention was made of the Polygraph Examiners Act in 26 V.S.A. § 3102(b), it was automatically repealed on July 1, 1981.

■ As further support for this conclusion, we note that adoption of the appellees' position would lead to incongruous results. As noted above, the State argued that only those occupations specifically listed are subject to automatic repeal. However, under such interpretations, all those listed professions also have specific terminal dates. Thus, subsection (d) would be rendered meaningless, for it would apply to no professions or occupations at all. We will avoid a construction which leads to absurd or irrational results. *In re J. S.,* 140 Vt. 458, 470, 438 A.2d 1125, 1130 (1981).

*Reversed and remanded with instructions to enter a judgment for plaintiff.*