**UNITED STATES of America**

v.

**George GALLEGO, Defendant.**

**No. S2 95 Cr. 284(LAK).**

United States District Court,
S.D. New York.

Oct. 23, 1996.

Peter K. Vigeland, Special Assistant United States Attorney, Robin Abrams, Assistant United States Attorney, Mary Jo White, United States Attorney, for U.S.

Richard W. Brewster, Stephanie Carvlin, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

The defendant, George Gallego, pleaded guilty to a superseding indictment charging him with conspiracy to commit murder in connection with the January 1993 robbery of a Postal Service truck and the execution-style killing of the driver. The guideline range in his case was 360 months to life. The Court sentenced him to a term of 480 months. The defendant now moves, pursuant to FED.R.CRIM.P. 35(c), to correct the sentence on the ground that the Court impermissibly considered the defendant's failure to tell the government what he knew in fixing the sentence. He contends that the sentence was inappropriate because the Court, in reaching its conclusion concerning his lack of cooperation, must have relied upon what transpired in proffer sessions in which the defendant participated despite the government's agreement that his statements on those occasions would not be used against him. He argues also that consideration of his refusal to cooperate against others violated U.S.S.G. § 5K1.2.

1. Rule 35(c) permits correction only of arithmetical, technical or other clear errors in a sentence. As the Advisory Commit-

tee Note indicates, it is "very narrow" and "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." 3 Charles Alan Wright, Federal Practice and Procedure: Criminal 2d § 585.2 (Supp. 1996). Accordingly, the motion would be denied even if it had merit, which it does not.

■ 2. The defendant is mistaken in assuming that the Court relied upon anything that took place in proffer sessions with the government. It relied solely upon its knowledge derived from having taken this defendant's plea and presided at the trial that resulted in the conviction of his brother and another for the murder. The conclusion that this defendant refused to assist the government in the prosecution of others involved in the crime was obvious from those events.

First, this defendant was charged in the first superseding indictment with having conspired with his brother, Alfredo Gallego, Steven Martinez, and others. When this defendant pleaded guilty to a superseding indictment, he structured his allocution to avoid implicating anyone else while at the same time admitting his own participation in a conspiracy to commit the murder.

Second, the trial of Alfredo Gallego and Steven Martinez, which included the testimony of a fourth co-conspirator named Rosado, made it absolutely clear that Alfredo Gallego, Martinez and Rosado all were parties to the conspiracy. George Gallego was conspicuous by his absence as a government witness at the trial.

In these circumstances, the fact that George Gallego declined to testify against his brother and others, which was the point of the Court's remark (Sentencing Minutes 12–13), is indisputable.

3. Despite George Gallego's plea of guilty, the government recommended that he be sentenced at the top of the guideline range, which was life imprisonment.[1] The defendant argued for a sentence at the bottom of the range based, in part, on the

premise that he should receive some credit for having pleaded guilty. The Court indicated that it intended to give some credit for the guilty plea, but not as much as it might have given had the defendant cooperated against the other members of the conspiracy.

■ U.S.S.G. § 5K1.2 is contained in Part 5K of the guidelines, which deals exclusively with departures from the applicable guideline range. It provides that "[a] defendant's refusal to assist authorities in the investigation of other persons may not be considered as an aggravating sentencing factor." Gallego claims that the Court's consideration of his refusal to cooperate against others in determining how much of a reduction below the top of the guideline range to give violated this provision. The Court disagrees.

To begin with, there is a difference between considering a factor in determining the extent of a benefit that will be extended and considering it as an aggravating factor. Although the distinction seems somewhat semantic, it is well established in the cases. In *United States v. Stratton*, 820 F.2d 562 (2d Cir.1987), for example, the Court of Appeals relied upon just this distinction, saying:

"This court ... has drawn a distinction between increasing the severity of a sentence for a defendant's failure to cooperate and refusing to grant leniency. 'It is one thing to extend leniency to a defendant who is willing to cooperate with the government; it is quite another thing to administer additional punishment to a defendant who by his silence has committed no additional offense.' *United States v. Bradford*, 645 F.2d 115, 117 (2d Cir.1981) (quoting *United States v. Ramos*, 572 F.2d 360, 363 n. 2 (2d Cir.1978)). [Internal quotations omitted] This distinction may be difficult to apply. *See Roberts [v. United States*], 445 U.S. [552] at 557 n. 4, 100 S.Ct. [1358] at 1362 n. 4 [63 L.Ed.2d 622 (1980)]; *Mallette v. Scully*, 752 F.2d 26, 30 (2d Cir.1984) (taking *Roberts* n. 4 into account). Nevertheless, 'even though the distinction is somewhat illusory, it is the only rule that recognizes the reality of the

---

1. The Court gave the defendant a three level downward adjustment for acceptance of respon- sibility notwithstanding his refusal to cooperate against others.

criminal justice system while protecting the integrity of that system.' *Mallette*, 752 F.2d at 30." *Id.* at 564.

Precisely this distinction applies here, as the Court did not administer additional punishment for defendant's silence. It simply considered that silence in determining the extent to which leniency was appropriate in light of his actions.

Even more significant, it is perfectly clear that Section 5K1.2 forbids consideration of a defendant's refusal to cooperate against others only for the purpose of determining whether to depart from the guideline range. It does not forbid consideration of such action in determining where within the guideline range the defendant should be sentenced. The Seventh Circuit, in a persuasive opinion by Judge Easterbrook, has reached exactly that result. *United States v. Klotz*, 943 F.2d 707 (7th Cir.1991). The Eighth Circuit has indicated its agreement. *Island v. United States*, 946 F.2d 1335, 1339 n. 3 (8th Cir.1991). *See also United States v. Nunez–Rodriguez*, 92 F.3d 14, 22 (1st Cir. 1996). And the Second Circuit, although it has not directly passed on the point, has indicated that the law of this Circuit is consistent with Judge Easterbrook's opinion. *United States v. Bryser*, 954 F.2d 79, 90 n. 9 (2d Cir.1992). This Court sees no basis for reaching any different result.

■ 4. Finally, it is doubtful that the defendant has any right to object to the sentence. The Court made the statement upon which the defendant relies before it imposed sentence, indicated the intended sentence, and then asked whether there was "any legal reason why sentence should not thus be imposed." Defendant's counsel said there was not. (Sentencing Minutes 13) Moreover, defendant's plea agreement provides that he will not appeal or otherwise litigate under 28 U.S.C. § 2255 any sentence within or below the stipulated guideline range of 360 months to life and that any appeal of the sentence not foreclosed by the agreement would be limited to that portion of the sentencing calculation that is inconsistent with or not addressed by the stipulation. The sentence in this case is within the stipulated guideline range.

The motion is denied in all respects.

SO ORDERED.