08-3625-pr
United States v. Sperling

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of February, two thousand ten.

PRESENT: DENNIS JACOBS,
                            <u>Chief Judge</u>,
            GUIDO CALABRESI,
                            <u>Senior Circuit Judge</u>,
            CHRISTOPHER F. DRONEY,[*]
                            <u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X

United States of America,
        <u>Appellee</u>,

        -v.-                                          08-3625-pr

Herbert Sperling,
        <u>Plaintiff-Appellant</u>.
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**          Herbert Sperling, <u>pro se</u>, White
                            Deer, PA.

[*] Christopher F. Droney, Judge of the United States District Court for the District of Connecticut, sitting by designation.

**FOR APPELLEE:**                Lev L. Dassin, Acting United States
                                Attorney for the Southern District
                                of New York (Steve C. Lee, Katherine
                                Polk Failla, Assistant United States
                                Attorneys, Of Counsel), New York,
                                NY.

Appeal from an order of the United States District Court for the Southern District of New York (Stein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the district court be **AFFIRMED.**

Herbert Sperling, pro se, appeals from an order entered June 23, 2008 in the United States District Court for the Southern District of New York (Stein, J.), denying his petition for a writ of audita querela. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo an order granting or denying a writ of audita querela. United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). The writ of audita querela "remain[s] available in very limited circumstances with respect to criminal convictions." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). It "is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." Id.; see also United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (noting that the writ "survive[s] only to the extent that [it] fill[s] 'gaps' in the current systems of postconviction relief"). And the writ also "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244--if, for example, an actually innocent prisoner were barred from making a previously unavailable claim under § 2241 as well as § 2255." Triestman v. United States, 124 F.3d 361, 380 n.24 (2d Cir. 1997).

The instant case does not justify this unusual form of relief. First, it is not so that no other avenue of judicial review was available. Sperling's constitutional claims based on our affirmance of his 1973 conviction for

engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848, were considered with respect to his two 28 U.S.C. § 2255 motions, and we affirmed the denials of those motions. Insofar as Sperling subsequently raises a new claim by invoking Richardson v. United States, 526 U.S. 813 (1999), the denial of his June 2000 § 2255 motion as an impermissible successive motion does not render § 2255 an inadequate or ineffective remedy. Cf. Valdez-Pacheco, 237 F.3d at 1080; Triestman, 124 F.3d at 376-77. Moreover, Sperling subsequently raised his Richardson claim in a 2003 Rule 60(b) motion, which the district court denied on the merits, and we declined to grant a certificate of appealability. Accordingly, Sperling's claims have received consideration.

Insofar as Sperling nevertheless argues that adequate relief was unavailable, he would have to show that this is a case in which "the failure to allow for collateral review would raise serious constitutional questions." Triestman, 124 F.3d at 377. However, he does not argue that his conduct was rendered non-criminal by the intervening statutory interpretation in Richardson. Cf. id. Furthermore, the requirements of Richardson were met, given that: [1] the trial court instructed the jury in a manner that was consistent with Richardson's holding that "a jury in a federal criminal case brought under [21 U.S.C.] § 848 must unanimously agree . . . that the defendant committed each of the individual 'violations' necessary to make up that 'continuing series,'" 526 U.S. at 815; and [2] the jury unanimously found Sperling to have committed the violations that were the subject of the predicate counts against him. Accordingly, this is not one of the "very limited circumstances" for which the possibility of audita querela relief has been preserved.

Finding no merit in Sperling's remaining arguments, we hereby **AFFIRM** the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK