NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2016 VT 27

No. 2015-080

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Chittenden Unit, |
| | Criminal Division |
| | |
| Michael Rosenfield | September Term, 2015 |

James R. Crucitti, J.

H. Dickson Corbett, Chittenden County Special Deputy State's Attorney, Orange County State's Attorney's Office, Chelsea, for Plaintiff-Appellee.

Paul D. Jarvis of Jarvis and Kaplan, Burlington, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1.  **REIBER, C.J.**  Defendant appeals the denial of his motion, which requested that the trial court "correct the record" by amending his third driving-under-the-influence (DUI) conviction to appear as a DUI-1. Defendant filed the motion with the ultimate goal of reducing his conviction from a felony to a misdemeanor to reduce its collateral consequences. We affirm.

¶ 2.  In 2005 and 2008, defendant was convicted of two DUIs that occurred while he was eighteen and twenty-one years old, respectively. In February 2014, defendant pleaded guilty to a DUI-3, which occurred when he was twenty-seven years old. Because he had previously been convicted of two DUIs, defendant was subject to enhanced penalties. See 23 V.S.A. § 1210(d) ("A person convicted of violating [the DUI statute] who has previously been convicted two times of a violation of that section shall be fined not more than $2,500.00 or imprisoned not

more than five years, or both."). Based on the plea agreement, the court sentenced him to one-to-three years, all suspended except for 180 days of home confinement, with standard and special conditions of probation. Because the maximum term of imprisonment for a DUI-3 is greater than two years, defendant's latest conviction is a felony conviction. See 13 V.S.A. § 1 ("Any other provision of law notwithstanding any offense whose maximum term of imprisonment is more than two years, for life or which may be punished by death is a felony."). Defendant stresses that it will not only preclude him, a hunter, from owning a gun but also negatively affect his job prospects.

¶ 3.     Just days after this DUI-3 conviction, defendant filed a motion to seal the records of the two prior convictions through 33 V.S.A. § 5119(g), which allows for the sealing of records for many crimes committed before age twenty-one, including most DUIs. Defendant supported this motion by stating that he was charged with the first two DUIs when he was twenty-one years old or younger. He made this argument even though the relevant statute requires that the underlying crime—not the charge—occur prior to the defendant attaining the age of twenty-one and the second DUI actually occurred when defendant was already twenty-one.[1]  33 V.S.A. § 5119(g). Nevertheless, this motion was granted in April 2014 and the DUI-1 and DUI-2 were both sealed.

¶ 4.     Defendant then filed a motion to modify the third sentence. In this motion, he argued simply that the sealing of his two prior convictions retroactively made the existing third sentence outside the statutory maximum for a DUI-1; in other words, that the third sentence must be amended because defendant was no longer subject to enhanced, felony sentencing and the crime must be a misdemeanor. A week after the court granted the motions to seal, this motion

---

[1]  The record shows that defendant was born in April 1986 and the second DUI occurred in February 2008. Therefore, defendant was two months from his twenty-second birthday when he committed the second DUI. Although it appears that this offense did not fall within the scope of the sealing statute, we do not address the issue of the authority of the court to seal the record of the DUI-2 because it was not raised on appeal.

was denied on the basis that his record had shown two prior DUI convictions at the time of sentencing. In other words, at the time of conviction on the DUI-3 charge defendant's record showed two prior offenses. The court stated that "At the time of conviction defendant had two prior convictions for DUI. Actions subsequent to plea and sentence do not impact on original sentence." Defendant next filed what he describes as a "motion to correct the record," which was denied for the same reason as the motion to modify. He then filed a motion to reconsider, which was also denied. Defendant now appeals the denial of the motion to correct the record.[2]

¶ 5. Defendant styles his pleading as a "motion to correct the record," but the relief he seeks is not available through either Rule 35 or Rule 36 of the Vermont Rules of Criminal Procedure. A Rule 35 challenge can be brought at any time to correct an illegal sentence. See V.R.Cr.P. 35 ("The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."). However, this rule tracks its federal analogue—Federal Rule of Criminal Procedure 35—which is intended to correct ambiguous sentences and arithmetical, technical, or other clear errors in sentences. See V.R.Cr.P 35 ("This rule is derived from Federal Rule 35"); see also United States v. Gallego, 943 F. Supp. 343, 344-45 (S.D.N.Y. 1996) ("Rule 35(c) permits correction only of arithmetical, technical or other clear errors in a sentence . . . it is 'very narrow' " (quoting F.R.Cr.P. 35)). Defendant's DUI-3 record is not the result of an arithmetical, technical, or other clear error because the record at sentencing indicated that defendant already had two DUI convictions.

---

[2]  Defendant neither seeks relief through 33 V.S.A. § 5119(g) nor would find relief through that statute for the DUI-3 now on his record. To be clear, 33 V.S.A. § 5119(g) solely concerns the sealing of convictions for crimes committed by a defendant prior to attaining the age of 21. So long as a conviction meets the requirements of 33 V.S.A. § 5119(g), the timing of a motion to seal the conviction does not matter with regard to that conviction. But the issue in this case is different; it does not concern the sealing of the DUI-3. Rather, it concerns whether, now that the two prior convictions have been sealed, defendant can amend the record of his DUI-3 to appear as a lesser, non-felony DUI. No language within the statute suggests that this is possible. It cannot be used retroactively to amend a later conviction that had been enhanced by earlier sentences that were later sealed.

¶ 6.    Indeed, defendant's challenge to his DUI-3 does not even fall under the purview of Rule 35, which is focused on sentences, not on convictions.  His challenge is a challenge to a conviction, not a challenge to a sentence, because a DUI-3 is a chargeable offense rather than simply an enhanced sentence.  See State v. Morrissette, 170 Vt. 569, 569, 743 A.2d 1091, 1091 (1999) (mem.) (upholding defendant's DUI-3 conviction, where he was both charged with and conviction of DUI-3, rather than merely subject to enhanced punishment), overruled on other grounds by In re Manosh, 2014 VT 95, 197 Vt. 424, 108 A.3d 212.  Moreover, as defendant concedes, the "[third conviction] was correct when it was entered" because it was based on the two prior unsealed DUI convictions.  See State v. Oscarson, 2006 VT 30, ¶ 9, 179 Vt. 442, 898 A.2d 123 (holding that defendant cannot successfully challenge legal sentence or attack underlying conviction through motion for sentence reconsideration).  In short, the DUI-3 cannot now be amended through Rule 35 because it was correct when entered and—as a conviction, not a sentence—is not subject to Rule 35.

¶ 7.    Similarly, the correction of record provision of Rule 36 does not apply because the authorization in the Rule is limited to clerical mistakes.  Amending defendant's conviction from a DUI-3 to a DUI-1 is a substantive amendment dependent on the underlying facts, not a mere correction of a clerical mistake.  Compare State v. Cornell, 2014 VT 82, ¶ 9, 197 Vt. 294, 103 A.3d 469 ("Under Criminal Rule 36, the court has discretion to correct clerical mistakes arising by omission or oversight") with Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc., 149 Vt. 365, 367, 543 A.2d 1320, 1322 (1988) (holding that error in method by which interest from damages award was calculated was "an error in substantive law, not a clerical or mathematical error") and State v. Champlain Cable Corp., 147 Vt. 436, 439, 520 A.2d 596, 599 (1986) ("If a court . . . renders [a judgment] that is imperfect or improper, it has no power to remedy any such error or omission by treating it as a clerical mistake.").

¶ 8.     Rather than relying on a procedural mechanism, defendant argues that relief is available directly through 33 V.S.A. § 5119(g). This section requires the court to determine that defendant committed the crime before turning twenty-one years old, that two years have elapsed since defendant's final discharge, and that defendant has been rehabilitated. It reads, in its entirety:

> (g) On application of a person who has pleaded guilty to or has been convicted of the commission of a crime under the laws of this State which the person committed prior to attaining the age of 21, or on the motion of the Court having jurisdiction over such a person, after notice to all parties of record and hearing, the Court shall order the sealing of all files and records related to the proceeding if it finds:
>
> (1) two years have elapsed since the final discharge of the person;
>
> (2) the person has not been convicted of a listed crime as defined in 13 V.S.A. § 5301 or adjudicated delinquent for such an offense after the initial conviction, and no new proceeding is pending seeking such conviction or adjudication; and
>
> (3) the person's rehabilitation has been attained to the satisfaction of the Court.

33 V.S.A. § 5119(g). Defendant claims that this section allows the court to do more than just seal records. He contends that it allows the court retroactively to amend convictions that had been enhanced by earlier sentences that were later sealed. Referring to the effect of § 5119(g), defendant maintains that "there are no conditions on this relief," because, when the Legislature passed the statute, "it indicated that a juvenile or someone under the age of twenty-one has the right to a fresh new start."

¶ 9.     We conclude that § 5119(g) does not have such a broad scope—it allows a defendant to make a motion to seal, not to make a motion to correct the record. In doing so, we read the statute according to its plain meaning. See Heisse v. State, 143 Vt. 87, 89, 460 A.2d 444, 445 (1983) ("If confusion or ambiguity does not appear, then [a] statute is not construed but rather is enforced in accordance with its express terms."). The statute is entitled "sealing of records," and empowers the court to order "the sealing of files." 33 V.S.A. § 5119(g). It makes

5

no mention of correcting records or amending later convictions. Had the Legislature intended for the statute to have that effect, it would have included such language. See State v. Jacobs, 144 Vt. 70, 75, 472 A.2d 1247, 1250 (1984) (explaining that it is inappropriate "to expand a statute by implication, that is, by reading into it something which is not there, unless it is necessary in order to make it effective"). Furthermore, reading that effect into the statute would interfere with the principle of finality and veer from the principle that substantive review of an enhanced conviction is expressly limited by Vermont law to a collateral attack presented through a petition for post-conviction relief. See State v. Boskind, 174 Vt. 184, 191, 807 A.2d 358, 365 (2002) ("Adhering to our [post-conviction relief] procedures safeguards a defendant's rights while promoting the State's interest in finality of judgments."); see also State v. Provencher, 128 Vt. 586, 591, 270 A.2d 147, 150 (1970) ("[F]inality . . . is of vital significance in the administration of criminal justice.").[3]

¶ 10. Defendant next argues that 13 V.S.A. § 7607—which details the effect of sealing—supports his position. See 13 V.S.A. § 7607 ("Upon entry of an order to seal, the person whose record is sealed shall be treated in all respects as if he or she had never been arrested, convicted, or sentenced for the offense."). He contends that the statute requires the court to do everything in its power to ensure that a sealed conviction is treated as if it never happened. To accomplish this, he continues, a court must amend convictions that had been enhanced by earlier sentences that were later sealed. But the plain language of the statute does not support this contention. By stating that a defendant shall be treated as if there was no arrest, conviction, or sentence "for the offense," the language of § 7607 details the actual, immediate treatment of a sealed record and therefore limits the statute's application to the sealed offense. We do not read into the statute any unique ability of a sealing to amend convictions that had been

---

[3] Defendant has not sought post-conviction relief, and we do not here address the question of whether such relief may be available in this case. We further note that we do not address the dissent's coram nobis argument because it likewise was not raised on appeal.

properly enhanced by a record that was later sealed. See Heisse, 143 Vt. at 89, 460 A.2d at 445; Jacobs, 144 Vt. at 75, 472 A.2d at 1250.

¶ 11. Finally, defendant cites to two cases, but neither supports his position. First, in State v. Reams, 945 P.2d 52, 53 (Mont. 1997), the defendant was charged with DUI-4 and then successfully moved to expunge his DUI-1 conviction on the basis that it should have been expunged automatically over a decade beforehand. The court upheld the grant of this motion, so the DUI-1 could not enhance his pending DUI-4 conviction. Id. at 58. The case concerned a pending DUI conviction rather than existing convictions, as at issue here, and the issue of amending convictions did not come up at any time. Next, defendant cites to Weaver v. State of Mississippi, 95–KA–01034–SCT, 713 So. 2d 860 (Miss. 1997) for the proposition that a defendant must be convicted of two prior DUIs in order to be convicted of a third. This is not a novel position, and the issue here is far different. Here, defendant seeks retroactively to amend his DUI-3 conviction to appear as a DUI-1, whereas Weaver had nothing to do with this type of relief. See id. 95–KA–01034–SCT (concerning state's treatment of prior DUIs as elements of crime in enhanced DUI sentence that must be alleged at indictment and then proved to jury at trial, rather than established at indictment). We find no case law—in Vermont or elsewhere—supporting defendant's position.

Affirmed.

FOR THE COURT:

_____
Chief Justice


¶ 12. **EATON, J., concurring.** I concur with the result reached here. I write separately to address a concern mentioned, but not substantively addressed, by the majority.

¶ 13. The record shows that after being convicted of a third DUI, defendant filed a motion seeking to seal the files and records relating to two prior DUI convictions, asserting in

support of the motion that he was charged with these offenses when he was twenty-one years old or younger. However, the law in effect at the time, 33 V.S.A. § 5119(g), provided that such records could be sealed only if the offenses were committed prior to the defendant reaching the age of twenty-one. According to the record, defendant apparently was nearly twenty-two years old at the time of the commission of the second DUI offense. If such was the case, defendant was not entitled to have the record of his second DUI conviction sealed because the offense occurred when defendant was too old to have it sealed under the terms of the sealing statute.

¶ 14. Unlike the majority, I believe the Court should address this issue even though it has not been raised by either party in this appeal. First, defendant's motion misstated the law at the time it was filed. Every motion must include a concise statement of the law relied upon. V.R.Cr.P 47(a) ("An application to the court for an order shall be by motion which . . . shall state the grounds therefor, including a concise statement of the facts and law relied on"). Implicit in this requirement is that the statement be an accurate reflection of the law relied upon. The extent to which the inaccurate recitation of the statute in defendant's motion contributed to the court's granting of the request to seal cannot be certain, but there is an obligation to correctly represent the law in pleadings made to the court. That obligation was not met.

¶ 15. More important, it is incumbent that those coming before the Court receive equal protection under the law. It is our responsibility "to do equal right and justice to all persons." Vt. Const. ch. II, § 56. Necessarily, this must start by applying the law accurately. The statute involved is not one open to interpretation. Either the crimes for which sealing is sought were committed before defendant reached twenty-one, or they were not. If defendant's date of birth and the date of the second DUI offense are correct, defendant received a benefit through the sealing of the second DUI conviction that he was not legally entitled to receive, and for which there was no authority for the court to grant his request. By ignoring this error, we are left in the position that the next person similarly situated, who has the law correctly applied, will have his

8

or her request to seal denied, while defendant goes forward with the benefit of an improperly sealed conviction. I do not see how it is fair or equal treatment to others who cannot get their records sealed to allow this error to stand by turning a blind eye to it "because it was not raised on appeal."

¶ 16. The relief being sought by defendant in this appeal requires us to consider the impact, if any, of the sealing of the prior convictions. I believe this is sufficient to bring the propriety of the sealing of those convictions into issue, especially where it appears from the record that the court acted erroneously and without authority in doing so. See State v. Bergerson, 144 Vt. 200, 204, 475 A.2d 1071, 1074 (1984) (addressing, sua sponte, issue not raised or briefed "because of its 'possible adverse effect on the fair administration of justice' ") (citation omitted). While I agree that the court should be affirmed, I would direct the criminal division to examine whether an error was made in the sealing of the second DUI conviction and to apply the sealing statute correctly as the facts may come to be revealed.

_____
Associate Justice

¶ 17. **DOOLEY, J., dissenting.** While I acknowledge that the methods defendant chose to modify the DUI-3 conviction are unavailable, and join the majority's analysis of those remedies, I believe the deficiency is in how defendant labeled his request, not whether relief is available. I do not believe that the majority would dispute that if defendant had successfully applied for sealing of the earlier convictions before his conviction in 2014 for DUI-3, the two earlier convictions could not have been used for enhancement and the conviction would have been for DUI-1.[4] The Legislature clearly intended that there should be no collateral

_____
[4] Under 21 V.S.A. § 1210(d), a defendant commits DUI-3 if he or she is convicted of violating 23 V.S.A. § 1201, the statute that defines the crime of DUI, at a time when the defendant has previously been convicted twice for violations of that section. Thus, the triggering date is the date of conviction.

consequences from a conviction in a case sealed under 33 V.S.A. § 5119(g). Indeed, if that were not true, it is hard to understand the purpose of the statute.

¶ 18. Thus, the barrier to defendant's relief is caused solely by the timing of his application for relief under that statute. Apart from the limitations in the methods of relief defendant employed, I see no reason to deny relief simply because he had his convictions sealed later rather than sooner. While supporting the need for finality of judgments, the majority acknowledges that defendant can challenge an enhanced sentence based on the invalidity of a predicate conviction, see State v. Boskind, 174 Vt. 184, 188, 807 A.2d 358, 362 (2002), although normally the conviction is challenged through post-conviction relief (PCR) proceedings. See id. at 191, 807 A.2d at 365. In that way, criminal judgments containing an enhanced sentence are always subject to later corrective action, and total finality is not achievable.

¶ 19. It would, however, be foolish to see PCR as a remedy in this circumstance. In Boskind, the purpose of the PCR was to determine whether one or more of the predicate convictions could be set aside for non-compliance with Vermont Rule of Criminal Procedure 11. Here, it has already been determined that the convictions cannot be used for enhancement purposes. Thus, a PCR proceeding would be an unnecessary formality, with the State having no defense. I would not require defendant to file a PCR in this situation.

¶ 20. Moreover, even if defendant were required generally to file a PCR, he cannot do so here. He is no longer in custody under sentence for the DUI-3. His sentence ended when he completed his sentence and his probation was terminated.[5] As both his home confinement and probation have ended, defendant is no longer a person "in custody under sentence of the court" entitled to "vacate, set aside, or correct his sentence" pursuant to 13 V.S.A. § 7131. In re Collette, 2008 VT 136, ¶ 2, 185 Vt. 210, 969 A.2d 101 (noting probationers in custody for PCR

---

[5] Judge Crucitti granted defendant's "Petition for Discharge from Probation for Satisfactory Completion" on August 19, 2015.

purposes); see also State v. Sinclair, 2012 VT 47, ¶ 17, 191 Vt. 489, 19 A.3d 152 (affirming defendant in custody for PCR purposes if "serving a sentence enhanced by the challenged conviction.")

¶ 21.    When PCR is unavailable either because it is inappropriate or defendant does not meet the custody requirement, there is an alternative: the common-law remedy of coram nobis.[6] See Sinclair, 2012 VT 47, ¶ 1 (acknowledging the continuing life of the common-law coram nobis remedy).  Coram nobis originated as a writ for "correcting clerical or factual errors," D. J. Bench, Jr., Collateral Review of Career Offender Sentences: The Case for Coram Nobis, 45 U. Mich. J.L. Reform 155, 183 (2011), and was described by William Blackstone as a "proceeding to reverse a judgment by writ of error in the same court, where the error complained of is in fact and not in law, and where of course no fault is imputed to the court in pronouncing its judgment."  Id. (quoting 2 W. Blackstone, Commentaries on the Laws of England: In Four

---

[6]    There is also a strong possibility that the related doctrine of audita querela can be utilized to collaterally attack defendant's conviction.  Audita querela is a "writ of error directed to a court for a review of its own judgment and predicated on alleged errors of fact."  Black's Law Dictionary 156 (10th ed. 2009).  It is "of a most remedial nature" and was invented "lest in any case there should be an oppressive defect of justice, where a party who has a good defense is too late making it in the ordinary forms of law."  Humphreys v. Leggett, 50 U.S. 297, 313 (1850).  It is an "extraordinary remedy" generally available "only if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues."  United States v. Quintieri, 547 Fed Appx. 32, 33 (2d Cir. 2013).  The Second Circuit has determined that while audita querela is available in "very limited circumstances", United States v. Sperling, 367 Fed. Appx. 213, 214 (2d Cir. 2010), it may be used "where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy."  United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995).  See also United States v. Salgado, 692 F.Supp. 1265, 1269 (E.D. Wash. 1988) (vacating 24 year old tax-evasion conviction that had caused INS to deny defendant amnesty because audita querela "appears sufficiently broad to encompass the scenario presented here where [defendant] seeks relief against the consequences of the judgment" (internal quotations omitted)).  Accord United States v. Ghebreziabher, 701 F.Supp. 115, 117 (E.D. La. 1988).

In Vermont, audita querela appears to have been applied only in the civil context.  See, e.g., Walter v. Foss, 67 Vt. 591, 591, 32 A. 643, 643 (1895) ("The peculiar office of audita querela is to vacate a judgment that has been procured by the fraud or other misconduct of the opposite party. It is not available where the injury of which the plaintiff complains is attributable to his own neglect, nor to correct an error of the court in rendering the judgment.").  We have never ruled that it is ineligible for use in criminal cases.

Books, 411-12 n.12 (George Sharswood ed., J.B. Lippincott & Co. 1879)). Federally available only in criminal cases, this remedy must be "sought before, and issued by, the courts that imposed the original sentences," id.; it is a "step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding." United States v. Morgan, 346 U.S. 502, 505 n.4 (1954).

¶ 22. The U.S. Supreme Court recently reaffirmed the availability of coram nobis in United States v. Denedo, 556 U.S. 904 (2009), where, to avoid deportation, a respondent had filed a petition for coram nobis to vacate an earlier conviction on the grounds his guilty plea resulted from ineffective assistance of counsel, as his attorney had erroneously assured the respondent he would avoid any risk of deportation if he agreed to plead guilty. Id. at 907-08. The high court acknowledged that in its modern form, coram nobis is "broader than its common-law predecessor," which was confined to "technical errors." Id. at 911. Instead, the remedy may today be used to "correct errors of fact," id. at 910 (quoting Morgan, 346 U.S. at 507), in "extraordinary" cases where its use is necessary "to achieve justice" and no alternative remedies, such as habeas corpus, are available. Id. at 911 (quoting Morgan, 346 U.S. at 510-11)). See also Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam) (outlining three-part test for coram nobis requiring a petitioner to demonstrate that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.").

¶ 23. Similarly, we acknowledged the continued availability of coram nobis in Sinclair, 2012 VT 47, ¶ 1, where a defendant petitioned for a writ of coram nobis to vacate a nineteen-year old conviction on the basis that his plea had been entered involuntarily. In reaching our holding, we noted both the U.S. Supreme Court's decision to extend coram nobis to "fundamental or constitutional legal errors," id. ¶ 11, as well as the fact that common-law

12

remedies remain available "unless repugnant to [our] constitution or laws." Id. ¶ 15 (quoting 1 V.S.A. § 271). We followed the reasoning of the federal high court to conclude that because the Vermont PCR statute and criminal rules are silent on the issue, coram nobis remains a "viable means of challenging criminal convictions" that may be used "when no other remedy is available," rather than to "supplant relief through direct appeal, post-judgment motion or PCR petition." Id. ¶ 16.

¶ 24. Although the defendant in Sinclair was ultimately ineligible, I believe coram nobis is ideally suited for individuals in defendant's position. As the majority recognizes, DUI-3 is a separate offense as defined in 23 V.S.A. § 1210(d). To convict a defendant of DUI-3, the State must plead and prove the predicate convictions, and the jury must find each of them as a facts.[7] State v. Cameron, 126 Vt. 244, 249, 227 A.2d 276, 279 (1967). Here, defendant seeks to correct an error of fact; that is, he seeks to show that the predicate convictions no longer exist and that the most recent DUI judgment must be amended to reflect the absence of predicate convictions. Moreover, in his brief to this Court and at oral argument, defendant has noted that although he has already served his sentence, he continues to suffer the consequences imposed on felony offenders, including proscriptions on owning a gun and a deleterious impact on employment opportunities, which may render a grant of the writ necessary to "achieve justice." Denedo, 556 U.S. at 911 (quotation omitted). This is exactly the function of coram nobis.

¶ 25. I recognize that defendant never uttered the words "coram nobis," but he alleged that the judgment was erroneous because of the absence of the predicate conviction. I would

---

[7] This statutory requirement demonstrates another difficulty caused by the majority's holding. If defendant was charged tomorrow with another DUI, it could not be charged as DUI-4. 23 V.S.A. § 1210(e)(1) requires the state to prove that an individual has "previously been convicted three or more times" of a drunken driving violation; here, the state would be unable to prove defendant's first two convictions, which have now been sealed. Accordingly, defendant could only be charged with DUI-2, a result seemingly incongruous with his status as a felony offender for DUI-3.

reverse the denial of defendant's motion to amend the judgment and remand to the court with direction to consider defendant's motion as based on "coram nobis."

¶ 26.  For the foregoing reasons, I dissent from the decision to affirm the court decision.

_____
Associate Justice