Reiber, CJ.
¶ 1. Defendant appeals the denial of his motion, which requested that the trial court “correct the record” by amending his third driving-under-the-influence (DUI) conviction to appear as a DUI-1. Defendant filed the motion with the ultimate goal of reducing his conviction from a felony to a misdemeanor to reduce its collateral consequences. We affirm.
¶ 2. In 2005 and 2008, defendant was convicted of two DUIs that occurred while he was eighteen and twenty-one years old, respectively. In February 2014, defendant pleaded guilty to a DUI-3, which occurred when he was twenty-seven years old. Because he had previously been convicted of two DUIs, defendant was subject to enhanced penalties. See 23 V.S.A. § 1210(d) (“A person convicted of violating [the DUI statute] who has previously been convicted two times of a violation of that section shall be fined not more than $2,500.00 or imprisoned not more than five years, or both.”). Based on the plea agreement, the court sentenced him to one-to-three years, all suspended except for 180 days of home confinement, with standard and special conditions of probation. Because the maximum term of imprisonment for a DUI-3 is greater than two years, defendant’s latest conviction is a felony conviction. See 13 V.S.A. § 1 (“Any other provision of law notwithstanding any offense whose maximum term of imprisonment is more than two years, for life or which may be punished by death is a felony.”). Defendant stresses that it will not only preclude him, a hunter, from owning a gun but also negatively affect his job prospects.
¶ 3. Just days after this DUI-3 conviction, defendant filed a motion to seal the records of the two prior convictions through 33 V.S.A. § 5119(g), which allows for the sealing of records for many crimes committed before age twenty-one, including most DUIs. Defendant supported this motion by stating that he was charged *386 with the first two DUIs when he was twenty-one years old or younger. He made this argument even though the relevant statute requires that the underlying crime — not the charge — occur prior to the defendant attaining the age of twenty-one and the second DUI actually occurred when defendant was already twenty-one.[1] 33 V.S.A. § 5119(g). Nevertheless, this motion was granted in April 2014 and the DUI-1 and DUI-2 were both sealed.
¶ 4. Defendant then filed a motion to modify the third sentence. In this motion, he argued simply that the sealing of his two prior convictions retroactively made the existing third sentence outside the statutory maximum for a DUI-1; in other words, that the third sentence must be amended because defendant was no longer subject to enhanced, felony sentencing and the crime must be a misdemeanor. A week after the court granted the motions to seal, this motion was denied on the basis that his record had shown two prior DUI convictions at the time of sentencing. In other words, at the time of conviction on the DUI-3 charge defendant’s record showed two prior offenses. The court stated that “At the time of conviction defendant had two prior convictions for DUI. Actions subsequent to plea and sentence do not impact on original sentence.” Defendant next filed what he describes as a “motion to correct the record,” which was denied for the same reason as the motion to modify. He then filed a motion to reconsider, which was also denied. Defendant now appeals the denial of the motion to correct the record.[2]
*387 ¶ 5. Defendant styles his pleading as a “motion to correct the record,” but the relief he seeks is not available through either Rule 35 or Rule 36 of the Vermont Rules of Criminal Procedure. A Rule 35 challenge can be brought at any time to correct an illegal sentence. See V.R.Cr.P. 35(a) (“The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.”). However, this rule tracks its federal analogue — Federal Rule of Criminal Procedure 35 — which is intended to correct ambiguous sentences and arithmetical, technical, or other clear errors in sentences. See V.R.Cr.P. 35, Reporter’s Notes (“This rule is derived from Federal Rule 35”); see also United States v. Gallego, 943 F. Supp. 343, 344-45 (S.D.N.Y. 1996) (“Rule 35(c) permits correction only of arithmetical, technical or other clear errors in a sentence. ... it is ‘very narrow’ ” (quoting F.R.Cr.P. 35)). Defendant’s DUI-3 record is not the result of an arithmetical, technical, or other clear error because the record at sentencing indicated that defendant already had two DUI convictions.
¶ 6. Indeed, defendant’s challenge to his DUI-3 does not even fall under the purview of Rule 35, which is focused on sentences, not on convictions. His challenge is a challenge to a conviction, not a challenge to a sentence, because a DUI-3 is a chargeable offense rather than simply an enhanced sentence. See State v. Morrissette, 170 Vt. 569, 569, 743 A.2d 1091, 1091 (1999) (mem.) (upholding defendant’s DUI-3 conviction, where he was both charged with and convicted of DUI-3, rather than merely subject to enhanced punishment), overruled on other grounds by In re Manosh, 2014 VT 95, 197 Vt. 424, 108 A.3d 212. Moreover, as defendant concedes, the “[third conviction] was correct when it was entered” because it was based on the two prior unsealed DUI convictions. See State v. Oscarson, 2006 VT 30, ¶ 9, 179 Vt. 442, 898 A.2d 123 (holding that defendant cannot successfully challenge legal sentence or attack underlying conviction through motion for sentence reconsideration). In short, the DUI-3 cannot now be amended through Rule 35 because it was correct when entered and — as a conviction, not a sentence — is not subject to Rule 35.
*388 ¶ 7. Similarly, the correction of record provision of Rule 36 does not apply because the authorization in the rule is limited to clerical mistakes. Amending defendant’s conviction from a DUI-3 to a DUI-1 is a substantive amendment dependent on the underlying facts, not a mere correction of a clerical mistake. Compare State v. Cornell, 2014 VT 82, ¶ 9, 197 Vt. 294, 103 A.3d 469 (“Under Criminal Rule 36, the court has discretion to correct clerical mistakes arising by omission or oversight”) with Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc., 149 Vt. 365, 367, 543 A.2d 1320, 1322 (1988) (holding that error in method by which interest from damages award was calculated was “an error in substantive law, not a clerical or mathematical error”) and State v. Champlain Cable Corp., 147 Vt. 436, 439, 520 A.2d 596, 599 (1986) (“If a court . . . renders [a judgment] that is imperfect or improper, it has no power to remedy any such error or omission by treating it as a clerical mistake”).
¶ 8. Rather than relying on a procedural mechanism, defendant argues that relief is available directly through 33 V.S.A. § 5119(g). This section requires the court to determine that defendant committed the crime before turning twenty-one years old, that two years have elapsed since defendant’s final discharge, and that defendant has been rehabilitated. It reads, in its entirety:
(g) On application of a person who has pleaded guilty to or has been convicted of the commission of a crime under the laws of this State which the person committed prior to attaining the age of 21, or on the motion of the Court having jurisdiction over such a person, after notice to all parties of record and hearing, the Court shall order the sealing of all files and records related to the proceeding if it finds:
(1) two years have elapsed since the final discharge of the person;
(2) the person has not been convicted of a listed crime as defined in 13 V.S.A. § 5301 or adjudicated delinquent for such an offense after the initial conviction, and no new proceeding is pending seeking such conviction or adjudication; and
(3) the person’s rehabilitation has been attained to the satisfaction of the Court.
*389 33 V.S.A. § 5119(g). Defendant claims that this section allows the court to do more than just seal records. He contends that it allows the court retroactively to amend convictions that had been enhanced by earlier sentences that were later sealed. Referring to the effect of § 5119(g), defendant maintains that “there are no conditions on this relief,” because, when the Legislature passed the statute, “it indicated that a juvenile or someone under the age of twenty-one has the right to a fresh new start.”
¶ 9. We conclude that § 5119(g) does not have such a broad scope — it allows a defendant to make a motion to seal, not to make a motion to correct the record. In doing so, we read the statute according to its plain meaning. See Heisse v. State, 143 Vt. 87, 89, 460 A.2d 444, 445 (1983) (“If confusion or ambiguity does not appear, then [a] statute is not construed but rather is enforced in accordance with its express terms”). The statute is entitled “Sealing of records,” and empowers the court to order “the sealing of files.” 33 V.S.A. § 5119(g). It makes no mention of correcting records or amending later convictions. Had the Legislature intended for the statute to have that effect, it would have included such language. See State v. Jacobs, 144 Vt. 70, 75, 472 A.2d 1247, 1250 (1984) (explaining that it is inappropriate “to expand a statute by implication, that is, by reading into it something which is not there, unless it is necessary in order to make it effective”). Furthermore, reading that effect into the statute would interfere with the principle of finality and veer from the principle that substantive review of an enhanced conviction is expressly limited by Vermont law to a collateral attack presented through a petition for post-conviction relief. See State v. Boskind, 174 Vt. 184, 191, 807 A.2d 358, 365 (2002) (“Adhering to our [post-conviction relief] procedures safeguards a defendant’s rights while promoting the State’s interest in finality of judgments.”); see also State v. Provencher, 128 Vt. 586, 591, 270 A.2d 147, 150 (1970) (“[FJinality ... is of vital significance in the administration of criminal justice.”).[3]
¶ 10. Defendant next argues that 13 V.S.A. § 7607 — which details the effect of sealing — supports his position. See 13 V.S.A. *390 § 7607(a) (“Upon entry of an order to seal, the person whose record is sealed shall be treated in all respects as if he or she had never been arrested, convicted, or sentenced for the offense.”)- He contends that the statute requires the court to do everything in its power to ensure that a sealed conviction is treated as if it never happened. To accomplish this, he continues, a court must amend convictions that had been enhanced by earlier sentences that were later sealed. But the plain language of the statute does not support this contention. By stating that a defendant shall be treated as if there was no arrest, conviction, or sentence “for the offense,” the language of § 7607 details the actual, immediate treatment of a sealed record and therefore limits the statute’s application to the sealed offense. We do not read into the statute any unique ability of a sealing to amend convictions that had been properly enhanced by a record that was later sealed. See Heisse, 143 Vt. at 89, 460 A.2d at 445; Jacobs, 144 Vt. at 75, 472 A.2d at 1250.
¶ 11. Finally, defendant cites to two cases, but neither supports his position. First, in State v. Reams, 945 P.2d 52, 53 (Mont. 1997), the defendant was charged with DUI-4 and then successfully moved to expunge his DUI-1 conviction on the basis that it should have been expunged automatically over a decade beforehand. The court upheld the grant of this motion, so the DUI-1 could not enhance his pending DUI-4 conviction. Id. at 58. The case concerned a pending DUI conviction rather than existing convictions, as at issue here, and the issue of amending convictions did not come up at any time. Next, defendant cites to Weaver v. State, 95-KA-01034-SCT, 713 So. 2d 860 (Miss. 1997), for the proposition that a defendant must be convicted of two prior DUIs in order to be convicted of a third. This is not a novel position, and the issue here is far different. Here, defendant seeks retroactively to amend his DUI-3 conviction to appear as a DUI-1, whereas Weaver had nothing to do with this type of relief. See id. 95-KA-01034-SCT (concerning state’s treatment of prior DUIs as elements of crime in enhanced DUI sentence that must be alleged at indictment and then proved to jury at trial, rather than established at indictment). We find no case law — in Vermont or elsewhere — supporting defendant’s position.

Affirmed.

 The record shows that defendant was born in April 1986 and the second DUI occurred in February 2008. Therefore, defendant was two months from his twenty-second birthday when he committed the second DUI. Although it appears that this offense did not fall within the scope of the sealing statute, we do not address the issue of the authority of the court to seal the record of the DUI-2 because it was not raised on appeal.

 Defendant neither seeks relief through 33 V.S.A. § 5119(g) nor would find relief through that statute for the DUI-3 now on his record. To be clear, 33 V.S.A. § 5119(g) solely concerns the sealing of convictions for crimes committed by a defendant prior to attaining the age of 21. So long as a conviction meets the requirements of 33 V.S.A. § 5119(g), the timing of a motion to seal the conviction does not matter with regard to that conviction. But the issue in this case is different; it does not concern the sealing of the DUI-3. Rather, it concerns whether, now that the two prior convictions have been sealed, defendant can amend the record of his DUI-3 to appear as a lesser, nonfelony DUI. No language within the statute suggests that this is possible. It cannot be used retroactively to *387 amend a later conviction that had been enhanced by earlier sentences that were later sealed.

 Defendant has not sought post-conviction relief, and we do not here address the question of whether such relief may be available in this case. We further note that we do not address the dissent’s coram nobis argument because it likewise was not raised on appeal.